[No. B050897. Second Dist., Div. Three. Nov. 27, 1990.]

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,
Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
J. MICHAEL YOUNG et al., Real Parties in Interest.

**COUNSEL**

John K. Van de Kamp, Attorney General, Marian M. Johnston and Louis Verdugo, Jr., Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**DANIELSON, J.**—The California Department of Fair Employment and Housing (DFEH) petitions this court for a writ of mandate directing respondent court to vacate its order dated May 11, 1990, denying DFEH's motion to compel further responses to written interrogatories and demands

for inspection of documents directed to J. Michael Young, doing business as Whittier Orthopedic Service, and J. Michael Young (Young), the real party in interest.

We deny the petition.[1]

## ISSUE PRESENTED

The question presented in this proceeding in mandamus is whether parties in whose favor a final judgment for injunctive relief has been entered, can obtain aid in enforcing that judgment under the Civil Discovery Act of 1986 before commencing a contempt proceeding to enforce that judgment. We hold that they cannot, because the existence of a pending action is a condition precedent to the application of that act.[2]

## FACTUAL AND PROCEDURAL STATEMENT

On October 20, 1986, DFEH filed a complaint for injunctive relief (Gov. Code, §§ 12964, 12973) against Young to enforce a settlement agreement entered into on or about April 1, 1986, by DFEH, Young, and Young's former employee, Evelyn Waltman (Waltman) resulting from an accusation issued by DFEH against Young alleging that Young had discriminated against Waltman on the basis of sex and had sexually harassed her, in violation of the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.).[3] The complaint alleged that Young refused to pay Waltman the sum of $19,000 within 30 days of the date of the settlement agreement as required under paragraph 3(l) of that agreement.

---

[1] On July 13, 1990, this court issued an alternative writ of mandate directing respondent court to vacate its May 11, 1990, order and to make a new and different order, or to show cause why a peremptory writ of mandate should not issue ordering it to do so.

[2] We note that no brief was filed on behalf of the real party in interest, Young.

[3] Section 12964 of the Government Code provides:

"Any agreement entered into by conference, conciliation and persuasion shall be reduced to writing, signed by all parties, and approved by the director or the authorized representative of the director. Within one year of the effective date of every agreement, the department shall conduct a compliance review to determine whether the agreement has been fully obeyed and implemented. Whenever the department believes, on the basis of evidence presented to it, that any person is violating or about to violate any agreement, the department may bring an action in the superior court against the person to enjoin him or her from continuing or engaging in the violation, or from doing anything in furtherance of the violation. In the action an order or judgment may be entered awarding a temporary restraining order or a preliminary or final injunction as may be proper. The action may be brought in any county in which actions may be brought under subdivision (b), of Section 12965. In resolving allegedly unlawful practices through conciliation the resolutions may be in the nature of, but are not limited to, types of remedies that might be ordered after accusation and hearing."

On June 3, 1988, following a hearing on June 1, DFEH's motion for summary judgment was granted. The judgment entered on June 30, 1988, ordered Young to comply with paragraph 3(l) of the settlement agreement by paying Waltman the sum of $19,000. No appeal was taken from the judgment, which has become final.

To date, Young has not paid Waltman the sum of $19,000 as ordered in the judgment.

On or about February 9, 1990, DFEH served Young with 27 written interrogatories and 5 demands for inspection of documents regarding Young's assets, debts, and liabilities.

On or about February 23, 1990, Young served DFEH with a response to the demands for inspection in which he interposed objections to each demand.

On or about March 13, 1990, Young served DFEH with a response to the interrogatories in which he made objections to each interrogatory.

On or about April 10, 1990, DFEH filed a motion to compel further responses to the demands for inspection and to the written interrogatories. The motion was made under authority of Code of Civil Procedure[4] section 2031, subdivision (a)(1) and on the ground that the discovery sought was relevant to DFEH's determination whether to initiate contempt proceedings against Young.

On May 3, 1990, Young filed opposition to the motion. He took the position that there was no pending action, and thus, discovery pursuant to section 2031 was unavailable to DFEH. As authority, Young relied on section 2017, subdivision (a) [mis-cited to section 2031, subdivision (a)], which provides in pertinent part that "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action . . . ," and on section 2016, subdivision (b), which defines an "action" as "a civil action and a special proceeding of a civil nature."

Young took the further position that the discovery sought was not available to DFEH in conjunction with a judgment debtor examination (§ 708.010 et seq.), because DFEH was not a judgment creditor.

---

[4] All further section references are to the Code of Civil Procedure unless otherwise indicated.

In its reply filed on May 7, 1990, DFEH argued that Young waived the right to object on the grounds set forth in its opposition by failing to interpose them in response to the demand for production and request for answers to interrogatories. DFEH also argued that the action against Young was "pending" since there was an outstanding injunctive order that required him to perform a specific act, i.e., pay Waltman $19,000.

Following a hearing on May 11, 1990, the court denied the motion to compel further responses on the ground there was no action pending.

## DISCUSSION

As a general rule, the entry of a final judgment, which is not appealed, constitutes the conclusion of the case; and such case is no longer pending. If the judgment is not complied with voluntarily, then further proceedings are available to the prevailing party to enforce that judgment. A proceeding in contempt is the process for the enforcement or execution of a judgment of the court which is in the nature of an injunction. (*Smith* v. *Smith* (1941) 18 Cal.2d 462, 465 [116 P.2d 3].) In the present case no such contempt proceeding has been initiated by DFEH.

■ We hold that, in the case at bench, absent the initiation of a contempt proceeding to enforce the judgment, there is no action pending, which is the sine qua non of invoking the relief available under the Civil Discovery Act of 1986. (§ 2016 et seq.)

Section 2017, subdivision (a), provides in pertinent part that "any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or the determination of any motion made in that action . . . ." An " 'Action' " is defined in that act as including "a civil action and a special proceeding of a civil nature." (§ 2016, subd. (b)(1).) Based on the foregoing we conclude that the trial court was correct in denying DFEH's motion for discovery since the action was not pending.

## Decision

The petition for a writ of mandate is denied. The alternative writ, having served its purpose, is discharged.

Klein, P. J., and Hinz, J., concurred.

Petitioner's application for review by the Supreme Court was denied February 21, 1991.