[No. A074522. First Dist., Div. One. June 26, 1997.]

CALIFORNIA SHELLFISH, INC., Plaintiff and Appellant, v.
UNITED SHELLFISH CO., Defendant and Respondent.

18

**COUNSEL**

Robert F. Curotto for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Lange & Lange, Andrew H. Lange and C. Dan Lange as Amici Curiae on behalf of Defendant and Respondent.

.

## Opinion

**STEIN, Acting P. J.**—This appeal presents the question whether a plaintiff may serve nonparty witnesses with a deposition subpoena seeking discovery of business records before serving the summons and complaint on the only named defendant, and without notice of the deposition to any defendant. Plaintiff and appellant, California Shellfish, Inc., also challenges an award of sanctions in the amount of $764. We shall find no error in the trial court's order quashing the deposition subpoenas, or in the award of sanctions, and affirm the judgment.

### Procedural Background

In 1992, plaintiff sold seafood to defendant United Shellfish Co. and was owed approximately $60,000. In 1995, after attempts to negotiate a settlement of its claim failed, plaintiff filed suit to recover money owed, but had trouble with service of process. Defendant, United Shellfish Co., was a sole proprietorship owned by Joseph Svedise, who had died in 1993. Plaintiff served a copy of the complaint and a summons upon Joseph Svedise's widow, Carola Svedise, as an agent of United Shellfish Co., which the summons described as a corporation, or as a "Business Organization, Form Unknown," in the belief that she was the sole heir to the business. Carola Svedise moved to quash service of the summons on the ground that she was not an agent of United Shellfish Co. Before that motion was heard, plaintiff issued and served deposition subpoenas for the business records of United Shellfish Co. upon Carola Svedise and upon her attorneys, C. Dan Lange and Lange & Lange (hereafter Lange). Neither Svedise nor Lange produced any documents pursuant to the deposition subpoenas, and plaintiff moved to compel compliance with the deposition subpoenas. Before plaintiff's motion to compel was heard, the court, on August 8, 1995, granted Svedise's motion to quash service of summons.

Three days later, the discovery commissioner, apparently unaware that Carola Svedise's motion to quash service of the summons had been granted, granted plaintiff's motion to compel. Svedise and Lange had not appeared at the hearing on plaintiff's motion to compel, believing it to be moot in light of the order quashing service of summons. Svedise and Lange then moved to vacate the order compelling compliance and to quash the underlying business records subpoenas. Plaintiff filed no memorandum of points and authorities and did not appear at the hearing. The commissioner granted the motion, quashed the underlying deposition subpoenas, and also imposed sanctions upon plaintiff in the amount of $764.

Plaintiff moved for reconsideration, asserting its belief that the motion to quash the deposition subpoenas had been granted "by default." Plaintiff

offered an explanation for its failure to appear, and then filed a proposed memorandum of points and authorities stating its argument on the merits. At the hearing on the motion to reconsider, the commissioner asked whether any defendant had been served with the summons and complaint, and plaintiff's counsel replied: "That's the problem. None of them have been served." The commissioner explained that in light of that fact, the plaintiff could not "initiate discovery until the expiration of that 20-day hold period . . . ." On November 14, 1995, the commissioner denied plaintiff's motion for reconsideration.

On March 11, 1996, plaintiff, asserting it could not proceed without this discovery, requested that the court dismiss the complaint. The court, accordingly dismissed the complaint with prejudice, and plaintiff filed a timely notice of appeal from the judgment of dismissal.[1]

ANALYSIS

1. *Order Quashing the Deposition Subpoenas*

 If the "deposition hold" in Code of Civil Procedure section 2025, subdivision (b)(2)[2] applies to a deposition subpoena which seeks only business records (§ 2020, subd. (d)) then, by the express terms of that section, plaintiff is precluded from serving a deposition notice until 20 days after "the service of the summons on, or appearance by, any defendant." The trial court reasoned that the hold in section 2025, subdivision (b)(2) applies to the initiation of all discovery by deposition, regardless of whether the deponent is a party or a nonparty witness, and, since no defendant had been served in the proceedings below,[3] quashed the deposition subpoenas.

---

[1]During the pendency of this appeal, we denied a motion to dismiss the appeal brought by Lange, making a special appearance for purposes of the motion. After Lange's motion to dismiss the appeal was denied, Lange obtained permission to appear in this appeal as amicus curiae. In its brief, Lange reiterates several arguments raised in its motion to dismiss which have already been disposed of by our order denying the motion to dismiss and we shall not repeat them here.

[2]All further section references are to the Code of Civil Procedure.

[3]Justice Dossee's dissent suggests that even if the hold in section 2025, subdivision (b)(2) applied, it had been triggered by service on Lange as an individual, and on the professional corporation Lange & Lange, who had been named defendants, but who later obtained a final judgment of dismissal. Appellant, however, never made this argument in the trial court, or before this court on appeal. Instead, he relied on the theory that the section 2025, subdivision (b)(2) hold did not apply to the deposition subpoenas. When the discovery commissioner asked who had been served, appellant's lawyer replied: "That's the problem. None of them"; therefore, the argument is waived, for failure to raise it below, *or* on appeal. Also, by conceding that no defendant had been served, appellant invited any error in failing to consider the effect of service on Lange. (See, e.g., *Ciani* v. *San Diego Trust & Savings Bank* (1994) 25

Appellant's position, that the deposition hold in section 2025, subdivision (b)(2) does not apply to a deposition subpoena which seeks only business records from a nonparty, rests on the premise that section 2020 creates an independent method of discovery applicable only to nonparties, and is not a deposition to which section 2025 applies. Section 2020 merely specifies the methods of discovery that may be used against nonparties, the *process* to bring nonparties under the court's jurisdiction, and the form of notice and requirements for service of a deposition subpoena on a *nonparty*. Section 2019, subdivision (a), lists the *methods* of discovery available, and it lists only two types of depositions "oral and written." There are no other kinds of depositions recognized in the act.[4] *Both* types of depositions are subject to the hold in section 2025, subdivision (b)(2) (see § 2028, subd. (a)) and both types allow the party noticing the deposition to also demand the production of documents. A deposition subpoena which seeks only business records simply allows a party to obtain these records without the formality of requiring the testimony of the custodian.

The inclusion, under the heading "Oral deposition," in section 2025, of several specific provisions relating to deposition subpoenas which seek only business records demonstrates that the Legislature included a section 2020, subdivision (d) subpoena within the general category of "oral depositions," and intended the provisions of section 2025, including the hold in subdivision (b)(2) to apply. For example, section 2020 does not contain *any* provision for service of notice of a deposition subpoena on the parties. Instead, section 2025, subdivision (c) specifies that notice to the parties of a deposition pursuant to section 2020, subdivision (d) may be in the form of a copy of the deposition subpoena. It also incorporates the requirement of section 1985.3, subdivision (a) for provision of consumer notice, which applies to deposition subpoenas which seek only business records. Section 2025, subdivision (k), specifying the qualifications of a deposition officer, provides that the deposition shall be conducted under the supervision of a deposition officer who is authorized to administer an oath "except as provided in paragraph (3) subdivision (d) of Section 2020." If, as appellant contends, section 2025 pertains only to oral depositions which require the presence and testimony of the deponent, and has no application to a section 2020, subdivision (d) deposition subpoena, then the Legislature would not

Cal.App.4th 563, 573 [30 Cal.Rptr.2d 581]; *In re Marriage of Ilas* (1993) 12 Cal.App.4th 1630, 1638, 1639 [16 Cal.Rptr.2d 345].)

[4]Even under appellant's construction, the section 2025, subdivision (b)(2) hold clearly would apply to deposition subpoenas described in section 2020, subdivisions (c) and (e), despite the absence of any express reference to the section 2025, subdivision (b)(2) hold in section 2020, because deposition subpoenas under these sections require testimony of a nonparty witness (§ 2020, subd. (c)), or testimony *and* production of documents (§ 2020, subd. (e)). As such, they are "oral" depositions.

have included in section 2025, these provisions relating to or specifying procedures to follow when the deposition is pursuant to a section 2020, subdivision (d) subpoena.

*Every* section of the Discovery Act pertaining to any method of discovery enumerated in section 2019 requires that at least one defendant has been served with the summons and complaint, and is subject to a holding period after service on a defendant, or requires that the party to whom the discovery is propounded has been served with the summons and complaint. (See § 2025, subd. (b) [oral deposition]; § 2028, subd. (a) [incorporating by reference the procedure set forth in § 2025 for a written deposition]; § 2030, subd. (b) [interrogatories]; § 2031, subd. (b) [inspection of documents, things and places]; § 2033, subd. (b) [requests for admission].)[5] If, as appellant contends, the deposition hold does *not* apply when a deposition subpoena seeks only business records, this would be the only exception to application of a hold. There is no rationale for such an exception. The Legislature cannot have deemed it unnecessary to place a hold where the plaintiff seeks only the production of documents because, as previously noted, a demand for production of documents from a party is subject to a hold. (§ 2031, subd. (b).) Appellant suggests that discovery prior to service of the complaint or the appearance by any defendant is allowed under the provisions for discovery before the complaint is filed, and for discovery pending appeal. However, significant safeguards are required to initiate discovery before a complaint is filed. The petitioner must identify all potentially adverse parties, and serve them with the petition. If service is unsuccessful, then the petitioner may serve by publication. If a potentially adverse party served in this manner does not appear, the court "shall" appoint an attorney at the petitioner's expense to represent that potentially adverse party in all prefiling discovery proceedings. (§ 2035, subd. (e).) In order to conduct discovery pending appeal a motion shall be made "on the same notice to and service of parties as is required for discovery sought in an action pending in that court." (§ 2036, subd. (c).)

Appellant argues that the Legislature did not intend to impose a hold on a deposition subpoena seeking only business records because the hold on oral and written depositions and every other method of discovery is expressly stated in the code section applicable to each method of discovery, yet no such hold specifically appears in section 2020. The reason for not including a hold provision in section 2020 is, as discussed above, that section 2020

---

[5]Exchanges of expert witness lists occur only after a trial date has been set, and therefore cannot take place until long after the defendants have been served. (§ 2034, subd. (a).) Nor may a defendant demand a physical or mental examination of the plaintiff until after the defendant has been served or appeared. (§ 2032, subd. (c)(2).)

*does not* create any method of discovery independent of those enumerated in section 2019. Read in isolation, section 2020 has no provision for notice of the deposition proceeding to the *parties,* or the time for service of the deposition notice. Instead, these rules are established in sections 2025 and 2028, which are the general sections governing the procedures for oral or written depositions, and are applicable to depositions of party deponents and nonparty witnesses alike. (See, e.g., § 2025, subd. (c) [providing for notice of deposition to parties and specifying form of notice if the deposition is pursuant to section 2020, subdivision (d)].) Similarly, the reason that there is no requirement in section 1985 that the summons be served prior to the issuance of a subpoena duces tecum is that section 1985 presupposes that an adversarial proceeding has already commenced, such as a trial, "or upon the taking of a deposition," (§ 1985, subd. (c)), and that, in either case, other rules of procedure, such as section 2025, subdivisions (b)(2) and (c), require that a defendant be served, and notice of the subpoena be given to the parties. Without such notice, no adverse party has the opportunity to avail itself of the procedures in these statutes for protection of its interests. (See §§ 2025, subd. (i); 1987.1.) Thus, when section 2019, subdivision (a), section 2020, subdivision (d) and section 2025 are viewed together, it is clear that a deposition subpoena seeking business records is included in the category of "oral deposition" covered by section 2025, and that the hold in section 2025, subdivision (b)(2) applies.

██ The "hold" on each method of discovery, together with provisions requiring notice when a party initiates discovery by any method, ensures that no discovery is conducted unless some adverse party has notice of the litigation, and of the particular discovery proceeding, and an opportunity to protect adversarial interests. Although application of the section 2025, subdivision (b)(2) hold period, which commences upon service of the summons on, or appearance by any defendant does not ensure that *every* defendant will receive notice of the deposition pursuant to section 2025, subdivision (c),[6] it provides the minimum protection that at least one defendant is on notice and has the opportunity to place some adversarial limits upon the plaintiff's pursuit of discovery.

██ Allowing a plaintiff to initiate discovery by deposition subpoena pursuant to section 2020, subdivision (d), before serving any defendant with the summons and complaint, and without notice of the deposition to any

---

[6]Section 2025, subdivision (c) requires that "notice of the deposition shall be given to every other party who has *appeared* in the action." (Italics added.) If the deposition hold does not apply to a deposition subpoena seeking only business records, then this notice provision is rendered ineffective unless a defendant obtains notice of the litigation prior to service of the summons and complaint, and voluntarily appears in the action. Otherwise, the plaintiff need not serve them with a notice of the deposition subpoena.

defendant, or any other party in the action, is fraught with the danger for abuse recognized by our Supreme Court years ago. "If a party were allowed to compel an independent witness to give his deposition, all without notice to the opposing party, a situation not contemplated by the discovery statutes would result. For then a party might resort to all manner of discovery without adequate protection to his opponent, so long as he intended to forego any formal introduction of the material at time of trial. This would present an intolerable situation." (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 711 [39 Cal.Rptr. 891, 394 P.2d 707].) A calculating litigant might conclude that it could benefit from the opportunity to access information it might not otherwise have if an adversary were on notice of the litigation and able to raise valid objections.

This risk of abuse is illustrated here by the fact that the defendant, United Shellfish Co., is not represented in this appeal; indeed, there is *no* respondent. Only the nonparty witnesses' interests are represented, and they appear as amicus curiae. A witness who is not a party to the litigation does not have the same incentive as an adversarial party to raise valid objections to a discovery request, and since no defendant was served with notice of the deposition subpoenas served on the amici curiae, they could not avail themselves of the right to seek a protective order.[7]

Appellant poses a false dilemma, asserting that if the deposition hold applies, then it cannot proceed with the litigation, because it cannot serve the complaint until it can identify the agent for service of process for United Shellfish Co., and it cannot identify whom to serve without the discovery sought. Determining the agent for service of process upon a business entity is a simple process of obtaining required statements from the Secretary of State (see, e.g., Corp. Code, § 1502), or if the business is a sole proprietorship, obtaining the address of the owner. Appellant's true dilemma is *not* how to serve United Shellfish Co., but whom to sue, and on what theory now that the business apparently no longer exists, and the owner is deceased. There are remedies available to creditors in such circumstances. For, example, when Joseph Svedise died, plaintiff could have commenced probate proceedings, and made a claim against the decedent's estate. (Prob. Code, §§ 8000, subd. (a)(1), 8461, subd. (q), 9000 et seq.) Also, within the applicable limitations period, appellant could have named Carola Svedise as a defendant, because the surviving spouse is liable for the debts of the deceased, and any community property is also liable for debts incurred by her spouse. (See Fam. Code, § 910; Prob. Code, §§ 11440 et seq., 13550 et

---

[7]The consumer protection notice required by sections 1985.3, and 2020, subdivision (d)(2), protects the interest of the *consumer* in the records sought, not the adversarial interest of the litigants.

seq.) Appellant may have had reasons for not pursuing these remedies, which are not relevant to our analysis. Our point is simply that the quandary appellant describes is not caused by the application of the deposition hold to preclude it from conducting discovery by deposition subpoena, before serving the complaint, and without giving notice of the deposition to any defendant, nor is it a reason for concluding the hold does not apply.

We conclude that the deposition hold in section 2025, subdivision (b)(2) does apply to a deposition subpoena seeking business records, and uphold the order quashing the subpoenas because no defendant had been served with the summons and complaint.

## 2. *Sanctions*

Appellant also contends that the award of sanctions in the amount of $764, contained in the order quashing the deposition subpoenas must be vacated because the court did not expressly find that appellant acted willfully or without substantial justification in opposing the motion. Appellant also contends that the order is defective because it does not contain a detailed recital of reasons for imposing the sanctions. Neither contention has merit.

Section 2023, subdivision (b) provides: "To the extent authorized by the section governing any particular discovery method . . . [¶] (1) The court may impose a monetary sanction . . . ." Section 2025, subdivision (g) provides: "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to quash a deposition notice, *unless* it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.) These provisions of the Discovery Act of 1986 shifted "the presumption and the burden with respect to 'substantial justification.'" (2 Hogan, Cal. Civil Discovery (1997) Sanctions, § 15.4, p. 274.) Under the *prior* law, the court could impose a monetary sanction only if it made a specific finding that there was no "substantial justification." (See, e.g., *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 798 [149 Cal.Rptr. 499].) Under current law the court will impose the monetary sanction *unless the losing party* convinces that court that it acted with "substantial justification."

Appellant did not even file points and authorities in opposition to the motion to quash the deposition subpoenas, and instead filed only a letter to the court stating its position that the motion to quash was untimely, leaving the court with little alternative but to impose the monetary sanctions. In any

event, the court was only required to make an express finding if it *did not* impose monetary sanctions because it found appellant acted with "substantial justification." (§§ 2023; 2025, subd. (g).) Nor was "the court's order imposing sanctions . . . defective for failing to specify with particularity the basis for awarding sanctions . . . . (e.g., §§ 128.5, subd. (c), 177.5) the discovery statutes do not require the court's order to 'recite in detail' the circumstances justifying the award. . . . Indeed, the trial court is not required to make any findings at all." (*Ghanooni* v. *Super Shuttle* (1993) 20 Cal.App.4th 256, 261 [24 Cal.Rptr.2d 501], citations omitted; see also *Estate of Ruchti* (1993) 12 Cal.App.4th 1593, 1603 [16 Cal.Rptr.2d 151].)

CONCLUSION

The judgment is affirmed.

Swager, J., concurred.

**DOSSEE, J.**—I respectfully dissent. On the face of the discovery statutes themselves, the 20-day waiting period for oral depositions (Code Civ. Proc., § 2025, subd. (b)) does not apply to a deposition for production of business records from a nonparty.[1] The majority acknowledges the statutory omission but concludes that the 20-day waiting period of section 2025, subdivision (b), nevertheless applies because a deposition for production of business records is equivalent to an oral deposition. I cannot concur in the majority's reading of the statutory language. It may well be that the omission of a waiting period was a legislative oversight, but, if that is so, then I believe it must be the Legislature which corrects the omission.

### 1. *Methods of Discovery*

Section 2020 expressly identifies three ways to obtain discovery from a nonparty: "The method for obtaining discovery within the state from one who is not a party to the action is an oral deposition under Section 2025, a written deposition under Section 2028, *or a deposition for production of business records and things under subdivisions (d) and (e)*." (Italics added.) The first two methods—an oral deposition under section 2025 or a written deposition under section 2028—are broadly applicable; they may be taken of "any person," whether a party or nonparty. (§§ 2025, subd. (a), 2028, subd. (a).) In contrast, the third method of discovery—a deposition for production of business records and things under section 2020, subdivisions (d) and (e)—applies exclusively to a nonparty.

The Legislature has imposed a waiting period only for the first two methods of discovery identified in section 2020. An oral deposition under

---

[1]All further section references are to the Code of Civil Procedure.

section 2025, when taken by the plaintiff, is subject to a 20-day waiting period following service upon any defendant. (§ 2025, subd. (b).)[2] A written deposition under section 2028, being subject to the procedures for taking oral depositions (§ 2028, subd. (a)) is likewise subject to the 20-day waiting period. Nowhere in the discovery statutes is there any prescribed waiting period for a deposition for production of business records and things from a nonparty under subdivisions (d) and (e) of section 2020.

Moreover, the process for compelling discovery from a nonparty is a deposition subpoena, which is governed by the statutory provisions (§ 1985 et seq.) for a subpoena duces tecum. (§ 2020, subd. (a); see also § 2025, subd. (h)(2).) There is no statutory waiting period for issuance of a subpoena duces tecum. All that is required is a "pending" action. (§ 1985, subd. (c); cf. § 2017, subd. (a) [discovery permitted in any "pending action"].)[3]

Pursuant to section 2020, a deposition subpoena may be used to command three types of information from a nonparty: only oral testimony, only production of business records for copying, or both oral testimony and production of documents or tangible things. (§ 2020, subds. (a), (c), (d), (e).) When the deposition subpoena commands only *oral* testimony pursuant to subdivision (c) of section 2020, then, as the majority correctly observes, the subpoenaing party is requesting an oral deposition under section 2025. However, the Legislature has identified in section 2020 a "deposition for production of business records and things *under subdivisions (d)* [commanding only production of business records for copying] *and (e)* [commanding both oral testimony and production of business records and tangible things]." (Italics added.) As I read section 2020, a deposition for production of business records under subdivisions (d) and (e) is an independent method of discovery, separate and distinct from an oral deposition under section 2025 or a written deposition under section 2028.

---

[2]Section 2025, subdivision (b), provides in pertinent part: "[A]n oral deposition may be taken as follows: . . . [¶] (2) The plaintiff may serve a deposition notice without leave of court on any date that is 20 days after the service of the summons on, or appearance by, any defendant. However, on motion . . . the court, for good cause shown, may grant to a plaintiff leave to serve a deposition notice on an earlier date." The evident purpose of this waiting period is to permit the defendant time to obtain counsel and prepare for the inquiry. (See 2 Witkin, Cal. Evidence (3d ed. 1986) Discovery and Production of Evidence, § 1439, p. 1418.)

[3]An action is "pending" from its inception until rendition of final judgment. (*Department of Fair Employment & Housing* v. *Superior Court* (1990) 225 Cal.App.3d 728 [275 Cal.Rptr. 156]; Black's Law Dict. (6th ed. 1990) p. 1134, col. 1.) Here, there is no doubt that the action was pending. It was initiated when the complaint was filed. At the time plaintiff served the deposition subpoena, two defendants had actually been served. The first, Lange, had demurred and obtained a judgment of dismissal. The second, United Shellfish Co., had been served through its "agent," Carola Svedise. It is true that once Svedise obtained an order quashing service there were no longer any viable defendants in the action. However, the action had not been concluded; it was still "pending."

The majority relies upon the fact that only two types of depositions—oral depositions and written depositions—are identified in section 2019. Yet, section 2019 separately enumerates among the discovery methods "[i]nspections of documents, things, and places."[4] A deposition for production of business records and things under section 2020 seems to be a unique hybrid. Although denominated a "deposition,"[5] it actually provides a method of discovery from a nonparty parallel to a demand for inspection of documents or things in possession of a party to the action (§ 2031, subd. (a)).[6] I cannot agree with the majority's conclusion that a deposition for production of business records under subdivisions (d) and (e) of section 2020 is equivalent to an oral deposition.

## 2. *Notice*

When the deposition subpoena commands oral testimony from a nonparty, a notice of deposition is required: "A party desiring to take the oral deposition of any person shall give notice in writing in the manner set forth in subdivision (d)." (§ 2025, subd. (c).)[7] Subdivision (d), in turn, sets forth the contents of a deposition notice and further provides that "[i]f the attendance of the deponent is to be compelled by service of a deposition subpoena under Section 2020, an identical copy of that subpoena shall be served with the deposition notice." The deposition notice must be given to "every other party who has appeared in the action." (§ 2025, subd. (c).)

In contrast, when the deposition subpoena commands only production of business records for copying, no separate deposition notice to the subpoenaed party is required. Subdivision (c) of section 2025 provides: "[W]here

---

[4]Section 2019 provides in pertinent part: "(a) Any party may obtain discovery by one or more of the following methods: [¶] (1) Oral and written depositions. [¶] (2) Interrogatories to a party. [¶] (3) Inspections of documents, things, and places. [¶] (4) Physical and mental examinations. [¶] (5) Requests for admissions. [¶] (6) Simultaneous exchanges of expert trial witness information."

[5]The appellation "deposition" is admittedly odd. Section 2004, which preceded the enactment of the Civil Discovery Act of 1986 by over 100 years, defines a deposition as a "written declaration, under oath, made upon notice to the adverse party, for the purpose of enabling him to attend and cross-examine." A deposition for production of business records for copying requires no attendance by a deponent and provides no opportunity for cross-examination. (§ 2030, subd. (d).)

[6]A demand for production of documents from a *party* is subject to a waiting period of 10 days after service of the summon on or appearance by the party to whom the demand is directed. (§ 2031, subd. (b).)

[7]Section 2025, subdivision (c) provides: "A party desiring to take the oral deposition of any person shall give notice in writing in the manner set forth in subdivision (d). However, where under subdivision (d) of Section 2020 only the production by a nonparty of business records for copying is desired, a copy of the deposition subpoena shall serve as the notice of deposition. The notice of deposition shall be given to every other party who has appeared in the action."

under subdivision (d) of Section 2020 only the production by a nonparty of business records for copying is desired, a copy of the deposition subpoena shall serve as the notice of deposition." Presumably, the deposition subpoena, serving as a notice of deposition, must likewise be given to all parties who have appeared in the action. (§ 2025, subd. (c).)

The majority relies upon these references within section 2025 to a deposition subpoena under section 2020 as a further indication that the Legislature has equated a deposition for production of business records with an oral deposition. On the face of the statute, however, subdivision (c) of section 2025 merely requires notice—either notice of an oral deposition or a copy of a deposition subpoena—to all parties who have *appeared* in the action. That provision does not require that any defendant have *actually* appeared.

Although I agree that section 2025 seems to contemplate the existence of an adversary to receive notice, I find nothing in the statute which *mandates* service of the complaint upon a defendant as a prerequisite to service of a deposition subpoena upon a nonparty. I can see nothing in the notice requirements of subdivision (c) of section 2025 which relates to the waiting period. It is subdivision (b) which imposes a waiting period, not subdivision (c), and subdivision (b) by its terms applies only to *oral* depositions, not to depositions for production of business records by a nonparty.

### 3. *Potential for Abuse*

I am, of course, cognizant of the potential for abuse if discovery is allowed to proceed before any party has been served. In my view, however, the Legislature has established sufficient safeguards against abuse in the statutory provisions which afford an opportunity to object to the production of the business records. First, a deposition subpoena is subject to the statutory provisions governing a subpoena duces tecum. (§ 2020, subds. (a), (d)(2).) And according to those provisions, the court may on motion or sua sponte quash or modify the subpoena or make any appropriate protective orders. (§ 1987.1.) Furthermore, when the business records sought by a deposition subpoena are personal records of a "consumer," notice must be given to the consumer (or his or her attorney) as well as the custodian of the records. (§ 1985.3, subds. (b), (c); § 2020, subd. (d)(2).) The consumer then may object to the production of the personal records. (§ 1985.3, subd. (g).)

I can discern nothing in the 20-day waiting period for oral depositions which affords any greater protection against discovery abuse. The 20-day waiting period follows service of the complaint upon "any defendant" (§ 2025, subd. (b)); the defendant served need not have any relationship to

the deponent or any incentive to object to the deposition.[8] Moreover, the 20-day waiting period may be shortened with approval from the court. The true protection from abuse is provided not by the waiting period following service of the complaint, but by notice to all parties who have appeared (§ 2025, subd. (c)) and the opportunity to obtain a protective order (§ 2025, subd. (i)). Similar safeguards against abuse are established in the statutory provisions for notice and an opportunity to object to deposition subpoenas to obtain business records from a nonparty.

In summary, although plaintiff here may have had more expedient ways to obtain the information sought, I can find no legitimate basis for denying plaintiff discovery of the business records. Hence, I would conclude that the trial court erred in quashing the deposition subpoenas for business records of United Shellfish Co., and I would reverse the judgment of dismissal and remand for further proceedings.

Appellant's petition for review by the Supreme Court was denied October 22, 1997.

---

[8]Here, one named defendant, Lange, had in fact been previously served, and more than 20 days had expired before service of the deposition subpoena. Although plaintiff has arguably waived the point by failing to raise it below, the fact remains that even under the majority's view that the 20-day waiting period applies to a deposition for production of business records, the waiting period was satisfied here.