Filed 1/27/14  Salazar v. George H. Maintenance CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANA SALAZAR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GEORGE H. MAINTENANCE et al.,<br><br>    Defendants;<br><br>DAVID LEE,<br><br>    Movant and Respondent. | B248587<br><br>(Los Angeles County<br>Super. Ct. No. BC411628) |

        APPEAL from an order of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed.

        Mancini and Associates and Christopher Barnes for Plaintiff and Appellant.

        Lorraine A. Middleton for Movant and Respondent.

In this appeal from an order imposing sanctions (Code Civ. Proc., § 2025.420, subd. (h)),[1] plaintiff and appellant Ana Salazar contends that because the court allowed the deposition of respondent David Lee to be taken, the court denied Lee's motion for a protective order, which eliminated any basis for sanctions.  We conclude, however, that because the court granted Lee's motion for a protective order, the court was authorized to impose sanctions.

## BACKGROUND

In April 2009, Salazar filed a complaint for physical disability discrimination and wrongful termination against her former employer, defendant George H. Maintenance.  During discovery, Salazar learned that George H. Maintenance was connected to numerous entities, including Nu-Century Maintenance, Inc. (Nu-Century) and its purported owner, Bruce Wang or Hwang (Hwang).  After determining that Nu-Century had listed an address on 14th Street as its business address, Salazar sought to depose Lee, who owned the 14th Street property.

After Lee was served with a nonparty deposition subpoena (§ 2020.010 et seq.), his attorney, Derek A. Simpson, attempted to learn why Lee's deposition had been noticed.  After Simpson ascertained that Salazar was interested in discovering Lee's relationship with Nu-Century or Hwang, Simpson informed Salazar's attorney that Lee had no knowledge or information concerning Nu-Century or Hwang.

When Salazar refused to cancel Lee's deposition, Lee moved for a protective order and sanctions under sections 2025.420, 2019.030, and 2017.010.  In his supporting declaration, Lee explained that when he began renting the front house at the 14th Street property in June 2007, he did not know the other tenants or their occupations and never saw any sign of their involvement with a business named Nu-Century.  When Lee purchased the 14th Street property in November 2008, there were no tenants named

---

[1]    All further statutory references are to the Code of Civil Procedure.

Hwang. Although Lee saw some incoming mail addressed to a Brandon Hwang, he did not recall a tenant by that name and saw no indication that anyone by that name was running a custodial or maintenance company from that location. As sole proprietor of an apparel and printing business in Los Angeles, Lee could not afford "to waste a day, or even a half a day, driving to the San Fernando Valley for a deposition in a case in which [he is] a complete stranger."

In opposition to the motion, Salazar's attorney, Meghan E. George, submitted a declaration in which she stated why she believed Lee, as owner of the 14th Street property, had discoverable information concerning Nu-Century. George relied primarily on a November 2008 invoice that listed the 14th Street property as Nu-Century's business address.

On April 25, 2013, the trial court heard and granted Lee's motion for a protective order. In its April 25, 2013 minute order, the court stated in relevant part: "From the foregoing, Lee's position is justified. Lee has clearly indicated that he has no connection with Nu-Century Maintenance or Brandon Hwang. The only information that would be gained at the deposition is for Lee to reassert his lack of knowledge. It is unclear what information is even sought by plaintiff, as any information regarding Nu-Century Maintenance could be gained by propounding discovery to Nu-Century Maintenance itself or deposing Nu-Century Maintenance's [person most knowledgeable]. . . . Merely being someone's landlord does not subject one to burdensome and harassing litigation involving one's purported tenant. Accordingly, the motion for protective order is GRANTED." The minute order further stated: "The court grants sanctions to Lee in the amount of $5,695 to be paid within 30 days."

On April 25, 2013, Lee served a notice of ruling that included language not found in the April 25, 2013 minute order. The notice of ruling stated in part: "At the conclusion of the hearing, the Court granted Lee's Motion and ordered that plaintiff and her counsel, Mancini and Associates, Christopher Barnes, Tara Licata, and Meghan George, pay Lee sanctions in the amount of $5,695 within 30 days of April 25, 2013. [¶] The Court inquired [of] Lee's counsel whether he would consent to plaintiff taking a

3

short deposition of Lee, conditioned on plaintiff paying Lee the $5,695 sanctions indicated in the tentative ruling. Lee's counsel agreed, under the condition that the deposition be conducted at Lee's workplace [address omitted]. The Court then stated that it would allow plaintiff to take a short deposition of Lee at his workplace."

On May 1, 2013, Salazar filed a written objection to Lee's notice of ruling on the ground that it "failed to properly recount the Court's ruling." Salazar asserted that by ordering Lee to appear for a deposition at Lee's office at a mutually convenient time, the court had denied Lee's motion for a protective order, which eliminated any basis for sanctions.

On May 8, 2013, the trial court entered a formal order that incorporated the language of the April 25, 2013 minute order with the additional language of the April 26 notice of ruling. The May 8, 2013 order imposed sanctions of $5,695 against Salazar and her attorneys. This timely appeal followed.[2]

**DISCUSSION**

Salazar contends, as she did below, that because the trial court allowed Lee's deposition to be taken at Lee's office at a mutually convenient time, the court denied Lee's motion for a protective order, thus eliminating any basis for sanctions. We disagree, however, with Salazar's assertion that the motion for protective order was denied. For the reasons stated below, we conclude that Lee's motion for a protective order was granted and that sanctions were properly imposed under section 2025.420, subdivision (h).

Section 2025.420 allows the court, for good cause, to issue a protective order to protect a deponent from undue burden and expense. The court may impose a wide

---

[2] Given that no further issues remain to be litigated between Salazar and Lee, a nonparty, the appeal may be viewed as an appeal from a final judgment on a collateral matter (*Diepenbrock v. Brown* (2012) 208 Cal.App.4th 743, 746-747), or as an appeal from an interlocutory judgment for sanctions in excess of $5,000 (§ 904.1, subd. (a)(11)). In either case, the appeal is proper.

4

variety of restrictions on the moving party's deposition, such as directing that the deposition be taken: (1) "at a different time" (subd. (b)(2)); (2) "at a place other than that specified in the deposition notice" (subd. (b)(4)); and (3) "only on certain specified terms and conditions" (subd. (b)(5)). In this case, the trial court did all of the above. The court moved the deposition to Lee's place of business in Los Angeles, required that the deposition be kept "short," and conditioned the deposition on the payment of the $5,695 in sanctions as indicated in the tentative ruling. By imposing these restrictions, the trial court granted Lee's motion for a protective order.

According to section 2025.420, subdivision (h), "[t]he court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."[3] Under this provision, "the court will impose the monetary sanction *unless the losing party* convinces that court that it acted with 'substantial justification.'" (*California Shellfish, Inc. v. United Shellfish Co*. (1997) 56 Cal.App.4th 16, 25 (*California Shellfish*).)

Although findings as to the circumstances justifying the award of sanctions are not required (*California Shellfish*, *supra*, 56 Cal.App.4th at p. 26), the court made such findings in this case. The court found that: (1) "Lee's position [was] justified"; (2) "Lee [had] clearly indicated that he has no connection with Nu-Century Maintenance or Brandon Hwang"; (3) it "is unclear what information is even sought by plaintiff, as any information regarding Nu-Century Maintenance could be gained by propounding discovery" on a party; and (4) "[m]erely being someone's landlord does not subject one to burdensome and harassing litigation involving one's purported tenant." Based on the

---

**3**     Section 2017.020, subdivision (b) similarly allows a court to impose a monetary sanction against any party or attorney "who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

court's findings that Salazar acted without substantial justification, we conclude that sanctions were properly imposed under section 2025.420, subdivision (h).

## DISPOSITION

The order imposing sanctions is affirmed. Respondent Lee is entitled to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.*

We concur:

EPSTEIN, P. J.

MANELLA, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6