Filed 8/28/25  Busch v. Morgan CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIMOTHY R. BUSCH, as Trustee, etc., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> GLORIA MORGAN, <br><br>     Defendant and Appellant. | A170295 <br><br> (Alameda County <br> Super. Ct. No. 22CV009328) |

Defendant Gloria Morgan appeals from an order granting plaintiff Timothy R. Busch's motion to compel and awarding sanctions under Code of Civil Procedure section 2023.030, subdivision (a).[1]  We conclude the trial court erred in awarding sanctions greater than the amount of attorney fees and costs incurred by respondent as a result of Morgan's discovery misconduct.  In all other respects, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal stems from ongoing litigation over the partition of a residence in Alameda County (the residence) that is co-owned by Morgan and a trust created by Morgan's late ex-husband, of which Busch is the trustee. Morgan lives at the residence.

---

[1] All further statutory references are to the Code of Civil Procedure.

1

As trustee, Busch petitioned the court for partition of the residence in April 2022. On May 31, 2023, Busch served Morgan with an amended notice of deposition and request for production of documents. This notice set Morgan's deposition for June 29, 2023, to take place at the residence. Morgan objected to the deposition on the basis that the location constituted an invasion of privacy, unwarranted annoyance, embarrassment, and oppression; Morgan also objected to the request for production of documents on various grounds.

*2023 Motion To Compel*

In November 2023, Busch filed a motion to compel Morgan's deposition with production of documents (2023 motion). The 2023 motion asserted Morgan had a history of abuse of the discovery process and failed to attend the deposition or produce documents identified in the deposition notice, for which it sought monetary sanctions. Morgan filed an untimely opposition to the 2023 motion. The trial court declined to consider the written opposition, but allowed argument at a January 2024 hearing on the matter.

On January 19, 2024, the trial court granted the 2023 motion. The court found Morgan failed to avail herself of the opportunity presented by Busch's counsel to meet and confer as to the scheduling and location of the deposition. The court ordered Morgan "to appear for deposition at a time and place to be designated by [Busch] in an amended deposition notice, and to produce all documents described in the deposition notice served on May 31, 2023." The court further awarded Busch $2,560 in monetary sanctions.

*Additional Discovery Efforts*

Unless otherwise noted, all further dates refer to 2024.

On January 22, Busch served Morgan with a second amended notice of deposition and request for production of documents setting a new deposition date of February 6.

In late January, Morgan's counsel, Dushawn Johnson, emailed Busch's counsel, Bruce A. Miroglio, stating Johnson was unavailable on February 6; Miroglio responded by offering to move the deposition to another date. Johnson replied that he would speak to Morgan regarding dates and indicated he intended to file a writ petition regarding the trial court's January 19 order.

When Miroglio sent a follow-up email on February 2 to inquire as to an alternative date, Johnson replied that Morgan was ill and could not attend the scheduled deposition. That same day, Morgan filed an objection to the second amended notice on the ground that she was restricted by her physician from participating in any event requiring her full cognitive function during the following two weeks. An attached February 1 letter from Morgan's health care provider stated Morgan was moderately ill and needed two more weeks to fully recover.

In response, Miroglio agreed to move the deposition to February 16, a date beyond the two-week window. Johnson responded by stating it would be "more prudent" to set a date at the end of February to allow Morgan to be "medically cleared" and allow time for appellate review of a writ petition that Johnson intended to file by February 19 (three days after the scheduled deposition).

After receiving a subsequent request by Morgan to postpone for an additional two weeks for medical reasons, Miroglio agreed to reschedule the

deposition to March 4, a date beyond the requested extension. On March 1, Johnson sent an email indicating a writ petition was to be filed imminently and that Morgan would not proceed with a deposition until after a ruling was received.

On March 4, Morgan filed a petition for writ of mandate in this court challenging the trial court's January 19 order on various grounds. The petition was denied on March 6.

*2024 Motion To Compel*

On March 12, Busch filed a second motion to compel Morgan to attend and testify at deposition and produce documents with a request for sanctions (2024 motion), which underlies this appeal. The motion described the efforts summarized above to have Morgan deposed and argued her failure to appear for deposition was a deliberate violation of the court's January 19 order.

The 2024 motion also sought monetary sanctions under section 2023.030, subdivision (a) to compensate for reasonable expenses incurred as a result of Morgan's misuse of the discovery process. Morgan opposed the 2024 motion.

On March 29, after holding a hearing, the trial court granted the 2024 motion. The court noted it had previously ordered Morgan to appear for deposition in its January 19 order and found that, instead of appearing for deposition (which was reset multiple times in an ongoing effort to accommodate Morgan and/or Johnson), Morgan objected to the second amended deposition notice and filed an unsuccessful petition for writ of mandate. The court found Morgan's failure to appear for deposition was a violation of the January 19 order; it therefore granted relief and ordered her to appear for deposition on or before April 10. Additionally, the court

4

awarded Busch $6,560 in monetary sanctions under sections 2023.010, subdivisions (d) & (g), and 2023.030, subdivision (a).  Morgan appealed.

## DISCUSSION

Morgan challenges the trial court's decision to award monetary sanctions as well as the amount of sanctions imposed.  We agree with Morgan that the sanctions amount exceeded the reasonable expenses incurred by Busch and reduce the sanctions award accordingly.  In all other respects, we affirm.

## I. Scope of Appeal

Section 904.1, subdivision (a)(12) authorizes appeals from monetary sanctions orders of amounts exceeding $5,000, but there is otherwise no right to appeal from a prejudgment discovery order.  (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825.)

Hence, we disregard Morgan's various arguments related to alleged procedural defects in the 2024 motion to compel and we review only the portion of the March 29 order awarding $6,560 in monetary sanctions.  (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1433 [in a prejudgment appeal from a discovery sanctions order, "issues unrelated to the propriety of the monetary sanction are not cognizable"].)[2]

## II. Standard of Review

We review an order imposing discovery sanctions for abuse of discretion.  (*Agnone v. Agnone* (2025) 111 Cal.App.5th 758, 767.)  In applying this standard, we "measure[] the evidence presented to the trial court against the range of options permitted by the established legal criteria."  (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th

---

[2] Even if we were to consider Morgan's arguments regarding the procedural defects in the 2024 motion, we would find them unavailing.

5

771, 789 (*Cornerstone*).) An action that transgresses the bounds of the applicable legal principles amounts to an abuse of discretion. (*Ibid.*)

"The trial court's factual findings are reviewed under the substantial evidence standard while the trial court's legal conclusions are reviewed de novo. [Citation.] It is up to the trial court to weigh the evidence, resolve conflicts in it, and assess the credibility of witnesses. [Citation.] The reviewing court resolves any evidentiary conflicts most favorably to the trial court's ruling [citation], and, if more than one reasonable inference can be deduced from the facts, the reviewing court must accept the inference supporting the trial court's decision." (*Cornerstone*, *supra*, 56 Cal.App.5th at p. 789.)

## III. Sanctions Order

Sections 2023.010 and 2023.030, on which the court here relied to grant the motion for discovery sanctions, provide a trial court independent authority to impose monetary sanctions when confronted with discovery misconduct not addressed by other statutory sanctions provisions. (*City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 74 (*City of Los Angeles*).)

Section 2023.030 provides in relevant part: "[T]he court, after notice to any affected party, person, or attorney, and after opportunity for hearing, . . . [¶] . . . may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (§ 2023.030, subd. (a).)

Misuses of the discovery process include "[f]ailing to respond or to submit to an authorized method of discovery" and "[d]isobeying a court order to provide discovery." (§ 2023.010, subds. (d) & (g).)

6

Morgan challenges both the trial court's decision to impose discovery sanctions, as well as the amount of sanctions imposed. We address each issue in turn.

## A. The Court Did Not Abuse Its Discretion by Deciding To Award Monetary Sanctions

Morgan first argues the court's award of discovery sanctions was an abuse of discretion. She asserts her failure to appear for the February 6 deposition was due to illness, she made reasonable efforts to comply with the court's January 19 order, and the court was required to make certain statutory findings before granting relief. We are not convinced.

Substantial evidence supports the trial court's finding that Morgan failed to appear for deposition, which violated its January 19 order requiring her to do so. As the court noted, the record shows Busch agreed to reschedule the deposition date multiple times to accommodate Morgan's illness. Yet, Morgan still refused to appear for the March 4 deposition, which was outside the timeframe for the medical extensions she requested. Instead, Johnson informed Miroglio on March 1 that Morgan would not appear on March 4 because she was awaiting a ruling on her petition for writ of mandate. Hence, Morgan's assertions that she failed to attend the deposition only because of illness and that she made reasonable efforts to comply with the January 19 order are unavailing.

Additionally, Morgan contends section 2023.030 required the court to make express findings as to fairness and as to whether she lacked substantial justification for her actions before awarding sanctions. However, the relevant portion of the statute states that "[i]f a monetary sanction is authorized . . . , the court shall impose that sanction *unless* it finds that the one subject to the sanction acted with substantial justification or that other circumstances

7

make the imposition of the sanction unjust." (§ 2023.030, subd. (a), italics added.) Thus, contrary to Morgan's contention, the trial court was not required to make any explicit findings as a prerequisite for imposing discovery sanctions. (*California Shellfish, Inc. v. United Shellfish Co.* (1997) 56 Cal.App.4th 16, 26.) Rather, "the court was only required to make an express finding if it *did not* impose monetary sanctions because it found appellant acted with 'substantial justification' " or that imposing sanctions was unjust. (*Ibid*.)

Accordingly, the court did not abuse its discretion in deciding to award monetary sanctions under section 2023.030, subdivision (a) based on its findings that Morgan failed to submit to a deposition and disobeyed its January 19 order, both of which are misuses of the discovery process (§ 2023.010, subds. (d) & (g)).

## B. The Court Erred by Awarding Attorney Fees Above Those Incurred by Busch

Morgan challenges the sanctions award on the bases that they included fees for Miroglio's anticipated work and were calculated using an hourly rate higher than Miroglio actually charged Busch. We agree the court should have calculated attorney fees based on Miroglio's hourly rate that was actually charged for work on this case, but otherwise affirm.

The trial court has broad discretion in setting the amount of monetary discovery sanctions. (*Cornerstone*, *supra*, 56 Cal.App.5th at p. 789.) Nonetheless, discovery sanctions are not meant to be punitive, and sanctions under section 2023.030 may not exceed " 'the reasonable expenses, including attorney's fees, incurred by anyone as a result of' the discovery misconduct." (*City of Los Angeles*, *supra*, 17 Cal.5th at p. 75, italics omitted, quoting § 2023.030, subd. (a).) "Discovery sanctions serve to remedy the harm caused

8

to the party suffering the discovery misconduct" and should be tailored to serve that purpose. (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 74.)

Simply put, discovery sanctions are to compensate the party who was harmed by discovery misconduct. We therefore find that the trial court erred in awarding sanctions based on Miroglio's typical hourly rate rather than the rate he actually charged for his work on these discovery matters.

### 1. Additional Relevant Facts

In a declaration attached to the 2024 motion, Miroglio stated he spent 6.7 hours preparing the 2024 motion and negotiating with Johnson to seek Morgan's compliance with the January 19 order. Further, Miroglio expected to spend an additional 8.5 hours "preparing and submitting an ex parte application and order shortening time for the matter to be heard, reviewing the opposition, preparing a reply and appearing at the hearing on said motion." Hence, the total hours spent plus anticipated to be spent on the case was 15.2 hours.

Miroglio calculated $7,660 in expenses related to the 2024 motion: $7,600 in attorney fees based on his typical hourly rate of $500 per hour and $60 in court costs. However, Miroglio stated he had negotiated a rate on this case of only $360 per hour. Ultimately, the notice of the 2024 motion requested $6,560 in monetary sanctions (it is not evident why $6,560 was requested rather than $7,660), which was the amount the court awarded.

### 2. Analysis

Morgan first challenges the court's award of sanctions based on Miroglio's attorney fees to the extent they included hours he anticipated working on the case.

9

However, the record shows the ex parte application and reply to the opposition were indeed filed prior to the March 29 hearing, reflecting the work Miroglio anticipated doing. And Morgan did not produce any counterdeclaration supporting her claim that Miroglio did not expend the time on those previously anticipated hours. It was the trial court's role to weigh the evidence to resolve any conflicts. (*Cornerstone*, *supra*, 56 Cal.App.5th at p. 789.) Without any contrary evidence, Morgan's challenge to the sanctions on this basis is unpersuasive. (See *Ghanooni v. Super Shuttle* (1993) 20 Cal.App.4th 256, 262 [upholding trial court's finding as to reasonable hours spent by counsel when awarding discovery sanctions where appellant failed to produce counterdeclaration supporting claim that hours were unreasonable].)

Morgan next argues the court should not have awarded attorney fees above the actual negotiated rate Miroglio charged Busch for his work on this case ($360 per hour), as doing so was inconsistent with the compensatory purpose of discovery sanctions. We agree. (See *Kwan Software Engineering, Inc. v. Hennings*, *supra*, 58 Cal.App.5th at p. 74 ["Because discovery sanctions are not designed to punish, ' "sanctions . . . should not put the moving party in a better position than he would otherwise have been had he obtained the requested discovery." ' "].)[3]

---

[3] At oral argument, Busch asserted the trial court's award of attorney fees should not be disturbed, citing *Bacon v. Bacon* (1948) 32 Cal.2d 131 for the proposition that the trial court is best positioned to determine the value of an attorney's services. However, that case did not concern discovery sanctions, which are meant to be compensatory rather than punitive, and Busch offered no reason why he is entitled to recover attorney fees under section 2023.030 greater than he actually "incurred" because of the misconduct.

Based on the 15.2 hours Miroglio expended on the case and his negotiated rate of $360 per hour, the attorney fees "incurred by" Busch as a result of the discovery misconduct (§ 2023.030, subd. (a)) was therefore $5,472; after adding the $60 in court costs, the total reasonable expenses incurred was $5,532. The court erred by awarding discovery sanctions in excess of this amount (see *City of Los Angeles*, *supra*, 17 Cal.5th at p. 75), and we reduce the sanctions award accordingly.[4]

## DISPOSITION

The March 29 order imposing discovery sanctions is modified to award $5,532 to Busch. (§ 2023.030, subd. (a).) In all other respects, the order is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

---

[4] As the reduced sanctions amount is based on the reasonable expenses incurred by Busch, we readily dispose of Morgan's assertion that the amount was disproportionate to her conduct.

We also dispose of Morgan's argument that the March 29 sanctions award was duplicative of the sanctions imposed in the January 19 order. That order is not on appeal and, in any event, the sanctions imposed in the March 29 order were based on expenses incurred as a result of discovery misconduct that occurred *subsequent to* the January 19 order (subject to the qualification we have discussed).

11

PETROU, J.

WE CONCUR:


FUJISAKI, Acting P. J.

RODRÍGUEZ, J.


A170295 / *Busch v. Morgan*