MARGARET CARRIG, Respondent, *v.* CLARA OAKES and AMOR OAKES, Appellants, Impleaded with JOHN H. O'HERN, Defendant.

Fourth Department, March 13, 1940.

*Clive L. Wright*, for the appellants.

*William J. Brock* [*Edward B. Horning* with him on the brief], for the respondent.

PER CURIAM. This is an appeal by defendants Oakes from so much of an order of Special Term as denies to said defendants the right to have a cystoscopic examination of plaintiff as a part of a physical examination. In behalf of the plaintiff there is submitted an affidavit of a medical expert stating that a cystoscopic examination is " a major operation * * * most painful, and * * * has been known to cause death." In behalf of defendants there

is submitted the affidavit of a medical expert stating that he never knew a case where, from a cystoscopic examination, there had " been any very harmful, serious or fatal results nor * * * a fatality resulting simply from a cystoscopic examination," and furthermore that such examination " cannot be compared * * * in seriousness with a major operation."

In asking for a cystoscopic examination of plaintiff the appealing defendants are asking us to go much further than our courts have ever gone in subjecting a party to physical pain and danger to health. At one time it was held that a party could not be compelled to submit to the taking of X-ray pictures. (*Van Orden* v. *Madow*, 207 App. Div. 827.) The X-ray has now been perfected so that it is known to be no more harmful or dangerous than taking an ordinary photograph, and the taking of X-ray pictures is now allowed. The taking of a few drops of plaintiff's blood for examination has been allowed (*Hayt* v. *Brewster, Gordon & Co., Inc.*, 199 App. Div. 68), conditional, however, upon plaintiff's right to have his own physician extract the drops of blood. However, this court denied a defendant's request for an order to feed a plaintiff barium meal to assist in obtaining an X-ray picture of the stomach (*Bartolotta* v. *Delco Appliance Corp.*, 254 App. Div. 809); and we recently denied a defendant the right to subject a plaintiff to certain exercises and breathing tests (*Grill* v. *Mathieson Alkali Works, Inc.*, 243 App. Div. 853) on the ground that it might endanger plaintiff's health.

We think this record clearly calls for an affirmance of the order appealed from, with ten dollars costs and disbursements.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order so far as appealed from affirmed, with ten dollars costs and disbursements.