[No. A045213. First Dist., Div. Four. Apr. 13, 1989.]

ABEX CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SOLANO COUNTY, Respondent;
RICHARD CROUSON et al., Real Parties in Interest.

756

COUNSEL

Peter R. Gilbert, Linda Fung and Berry & Berry for Petitioners.

No appearance for Respondent.

Alan R. Brayton, Eric C. Solomon and McQuaid, Bedford, Brayton, Clausen & Metzler for Real Parties in Interest.

OPINION

**PERLEY, J.**—Petitioners challenge an order denying a motion to require a plaintiff to submit to a biopsy of warts which real parties in interest herein claim were caused by exposure to asbestos.

Preliminarily we reply to real parties' contention that petitioners should be left to their remedy by appeal. ▪ We recognize that the prerogative writ is not a favored method of review of discovery orders, and ordinarily this issue must be raised on direct appeal from a final judgment. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].) In explaining an admonition to the appellate courts in

this regard, the Supreme Court noted the oft-quoted statement in *Ryan* v. *Superior Court* (1960) 186 Cal.App.2d 813, 816-817 [9 Cal.Rptr. 147]: " 'One of the prime purposes of the Discovery Act is to expedite the trial of the action. This purpose will be defeated if appellate courts entertain petitions for prerogative writs by which a review of the orders of trial courts in discovery proceedings are sought and *which do not clearly demonstrate an abuse of discretion where discovery is denied,* or a violation of privilege or of the provisions of section 19 of article I of the Constitution of the state where discovery is granted.' " (Italics added, original italics omitted.) (*Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d at p. 170, fn. 11.) ■ The instant case represents a clear abuse of discretion and is appropriate for resolution by prerogative writ.

Real parties Richard and Janell Crouson filed a complaint against petitioners and other defendants alleging that Richard Crouson (real party) suffered injury from asbestos and asbestos-containing products produced by defendants. Real party was examined by his medical expert, Dr. Paldi, who noted in a report dated August 14, 1986, that "[t]he patient has several small asbestos 'corns' scattered over the palmar surfaces of the hands." Dr. Paldi's impression was that petitioner had asbestos lung disease and asbestos skin disease. He further expressed his view that the diagnosis of asbestos lung disease was "further solidified by the findings of asbestos skin disease."

Following this report, petitioners sought to have real party examined by Dr. Epstein, a dermatologist. Real party's attorney refused to stipulate to a biopsy of the warts and Dr. Epstein agreed to first examine real party and then decide whether or not a biopsy was necessary. Dr. Epstein examined real party and reported that real party told him of first noticing "skin lesions approximately eight to ten years ago. These were located on the scalp, palms, fingers and ankles. They grew in number very gradually and have been essentially asymptomatic. When they get particularly thickened, he 'scrapes them off with a pocket knife.' The lesions come and stay and do not disappear on their own." Dr. Epstein stated that "[t]he clinical appearance of these lesions certainly is compatible with ordinary viral warts or with the banal keratoses which occur in many people and are unrelated to asbestos or any other known exposure. . . . I think that at this time all one can say is that the lesions appear to be compatible with viral warts but that certain diagnosis would require histopathologic examination."

When real party refused to permit a biopsy of the lesions, petitioners filed a motion to compel the biopsy or, in the alternative, for a finding that the lesions are not asbestos related. The motion was supported by a declaration of Dr. Epstein who stated the examination was necessary to determine the lesions' etiology. "This would involve scraping off several warts from

locations as cosmetically insignificant as possible. . . . There is minimal pain associated with the procedure as it is done under local anesthetic. The risks are minimal and include reaction to the local anesthetic, minimal scarring, and minor bleeding."

Real party opposed the motion and requested sanctions. Real party did not furnish any affidavits regarding the danger or the discomfort of the proposed biopsy.

On February 9, 1988, respondent court denied the motion and imposed sanctions in the amount of $600 as reasonable attorney fees.

"In any case in which a plaintiff is seeking recovery for personal injuries, any defendant may demand one physical examination of the plaintiff, provided the examination does not include any diagnostic test or procedure that is painful, protracted, or intrusive. . . ." (Code Civ. Proc., § 2032, subd. (c)(2).) If such a "diagnostic test and procedure" is sought or if multiple examinations are desired, the defendant must proceed by noticed motion. (*Id.,* subd. (d); 3 DeMeo, Cal. Deposition and Discovery Practice (Matthew Bender 1987) §§ 62.03[2][b], 62.04[1]; 2 Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) § 10.13; 1 Hogan, Modern Cal. Discovery (4th ed.) §§ 8.7, 8.8.) "The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel compliance with a demand for a physical examination, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Code Civ. Proc., § 2032, subd. (c)(7).)

Real party opposed the motion for the biopsy arguing that (1) the examination would require intrusive and potentially painful removal of his body tissues, (2) the number of examinations sought is oppressive and (3) since it is plaintiff's burden to establish causation, there is no necessity for a definitive statement by defense doctors regarding etiology. None of these arguments provides a sound basis for denying the motion.

The uncontradicted medical evidence is that the procedure will involve little pain or danger. Any procedure involving a local anesthetic arguably will produce some discomfort but given the fact that real party scrapes the warts off himself with a pocket knife, it strains credulity past the breaking point to believe this procedure qualifies as one that is "painful, protracted, or intrusive" within the meaning of the discovery legislation.[1]

---

[1] Petitioners furnish many examples from other jurisdictions of procedures which have been both permitted and rejected. (See, e.g., *Klein* v. *Yellow Cab Co.* (Ohio 1944) 7 F.R.D. 169 (cystopic exam allowed); *Carrig* v. *Oakes* (1940) 259 A.D. 138 [18 N.Y.S.2d 917]

Real party complains that if this examination is permitted, he will have to submit to five examinations altogether, "a burden in itself." However, one examination was by real party's own expert and one will be permitted as the date of trial nears. It was reasonable to seek an examination by a dermatologist after real party's expert identified asbestos lesions. An attempt was made to obtain a diagnosis of the lesions with only a visual examination to accommodate real party's desire not to submit to a biopsy.

Real party's argument that the etiology of the lesions is unnecessary to the defense because the plaintiff has the burden to show the cause of the lesions is frivolous. This can be said of any personal injury plaintiff.

We have complied with the procedural requirements for issuance of a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a writ of mandate issue directing respondent superior court to vacate its order denying petitioners' motion to compel and imposing sanctions and to enter an order granting that motion.

Anderson, P. J., and Poché, J., concurred.

---

(cystopic exam not allowed), *Trent* v. *American Service Co.* (1947) 185 Tenn. 298 [206 S.W.2d 301] (spinal tap allowed); *Roskovics* v. *Ashtabula Water Works Company* (1961) 16 Ohio Ops.2d 297 [174 N.E.2d 295] (spinal tap not allowed); *Cardinal* v. *University of Rochester* (1946) 188 Misc. 823 [71 N.Y.S.2d 614] (bone marrow biopsy denied).) None are sufficiently relevant to the case at hand to be useful as precedents.