[No. B071720. Second Dist., Div. Seven. Nov. 22, 1993.]

DALIA GHANOONI, Plaintiff and Appellant, v.
SUPER SHUTTLE OF LOS ANGELES et al., Defendants and
Respondents;
ROBERT L. ESENSTEN, Objector and Appellant.

COUNSEL

Robert L. Esensten, in pro. per., and Robert Pine for Plaintiff and Appellant and for Objector and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker and Rene J. Molligan for Defendants and Respondents.

OPINION

JOHNSON, J.—Plaintiff and her attorney appeal from an order awarding $3,100 in discovery sanctions to defendants. We modify and affirm the order as to the plaintiff. We reverse as to her attorney.[1]

FACTS AND PROCEEDINGS BELOW

Plaintiff, Dalia Ghanooni, sued defendant Super Shuttle and others for personal injuries she suffered on board a Super Shuttle passenger van. Defendants served plaintiff with a demand she submit to a medical examination. (Code Civ. Proc. § 2032, subds. (a), (c).)[2] Plaintiff appeared and submitted to part of the examination. Plaintiff refused to submit to X-rays of her back, neck, right elbow, right knee and left ankle even though she complained to the examining physician of pain in those areas. The examining physician later obtained X-rays of plaintiff's ankle and knee.

Defendants moved for an order compelling plaintiff to submit to X-rays of her back, neck and right elbow and for sanctions against plaintiff and her attorney. Plaintiff responded through a declaration of her attorney who claimed the requested X-rays were unnecessary because the injuries to plaintiff's back, neck and elbow were soft tissue injuries. Plaintiff's counsel also contended plaintiff had a fear of radiation exposure from X-rays. Plaintiff's attorney advised defendants, however, "my client would agree to undergo x-rays taken by her own physician."

The trial court ordered plaintiff to submit to the X-rays demanded by defendants and imposed monetary sanctions against plaintiff and her attorney jointly in the sum of $3,100.

---

[1] In *Ghanooni v. Super Shuttle* (1992) 2 Cal.App.4th 380 [3 Cal.Rptr.2d 43] we held this sanction order was not separately appealable but could be raised in an appeal following a final judgment in the case. A final judgment having been entered, the appeal is now properly before us.

[2] All statutory references are to the Code of Civil Procedure unless otherwise noted.

DISCUSSION

I. *The Trial Court Properly Awarded Monetary Sanctions Against Plaintiff but Erred in Awarding Such Sanctions Against Plaintiff's Counsel.*

Section 2032, subdivision (c)(6) provides in relevant part: "The defendant may move for an order compelling . . . compliance with a demand for a physical examination. The court *shall* impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel response and compliance with a demand for a physical examination, *unless* it finds that the one subject to sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.)

Section 2023, subdivision (b) provides in relevant part: "To the extent authorized by the section governing any particular discovery method . . . (1) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."

Under this legislative scheme, a monetary sanction must be imposed against any party or attorney who unsuccessfully opposes a motion to compel compliance with a demand for a physical examination unless the court finds the party or attorney acted with "substantial justification" or a sanction would be unjust for some other reason. It is no longer required that the misuse of the discovery process be willful. (*Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 971 [280 Cal.Rptr. 474]; cf. former § 2034, subd. (d); *Midwife* v. *Bernal* (1988) 203 Cal.App.3d 57, 63 [249 Cal.Rptr. 708].)

In the present case, plaintiff failed to provide substantial justification for her refusal to submit to X-rays. Her principal justification appears to have been her generalized fear of exposure to radiation. There was no evidence, however, plaintiff had previously been exposed to such an amount of X-ray radiation that the additional X-rays sought by defendants would expose plaintiff to risk. On the contrary, plaintiff's personal physician filed a declaration stating in his view plaintiff should submit to the X-rays and he had so advised her. Moreover, plaintiff's purported fear of X-rays is inconsistent with her agreement to have the X-rays taken by her own physician but not the physician retained by defendants.

Her attorney's argument in response to the motion to compel, that X-rays were unnecessary because the case involved soft tissue injuries, was not

supported by any expert medical opinion and, indeed, was contradicted by plaintiff's treating physician. (Cf. *Abex Corp.* v. *Superior Court* (1989) 209 Cal.App.3d 755, 759 [257 Cal.Rptr. 498].)

■ Finally, the court's order imposing sanctions was not defective for failing to specify with particularity the basis for awarding sanctions. Unlike other statutes authorizing sanctions (e.g., §§ 128.5, subd. (c), 177.5) the discovery statutes do not require the court's order to "recite in detail" the circumstances justifying the award. (*Ghanooni* v. *Super Shuttle, supra*, 2 Cal.App.4th at p. 382, fn. 3.) Indeed, the trial court is not required to make findings at all. (*Estate of Ruchti* (1993) 12 Cal.App.4th 1593, 1603 [16 Cal.Rptr.2d 151].) Here, the record shows the court read the moving and responding papers, listened to oral argument, reread the papers and concluded it could find "no reason why these x-rays should not be taken." We find no error in the manner in which the court proceeded.

■ Unlike monetary sanctions against a party, which are based on the party's misuse of the discovery process, monetary sanctions against the party's attorney require a finding the "attorney advis[ed] that conduct." (§ 2023, subd. (b)(1); *Corns* v. *Miller* (1986) 181 Cal.App.3d 195, 200 [226 Cal.Rptr. 247], [construing similar language in former § 2034, subd. (b)(2)(D)].) In *Corns* v. *Miller*, the court held the burden was on the attorney to prove he or she had *not* advised the client to engage in the conduct resulting in sanctions. (181 Cal.App.3d at pp. 200-201.)

In the present case, the unrebutted declarations of plaintiff's counsel, together with accompanying documents and the declaration of defense counsel were sufficient to establish plaintiff's refusal to submit to X-rays was not based on advice of her attorneys. On the contrary, these declarations and letters show counsel for plaintiff attempted to convince her to submit to the X-rays requested by defendants and that counsel made substantial efforts to try to reach some compromise between their client and defendants which would allow the X-rays to go forward. The fact plaintiff's counsel opposed the motion to compel X-rays does not give rise to an inference they advised disobedience in the first instance. (*Corns* v. *Miller, supra*, 181 Cal.App.3d at p. 200.) They were simply doing their job as advocates to try to protect their client from sanctions. For these reasons, we conclude, as counsel for defendant conceded at oral argument, there was no evidentiary basis for imposing sanctions on counsel for plaintiff.[3]

---

[3]Plaintiff also contends the court erred in barring her from conducting discovery until the sanctions were paid. The record does not show if or when the sanctions were paid; nor has

## II. *The Trial Court Erred in Adding a $1,000 "Penalty" to the Sanction Award.*

The trial court awarded $3,100 in sanctions for plaintiff's failure to submit to X-rays. Of this amount, $2,100 was based on attorney fees and costs defendants incurred in the preparation and argument of the motion to compel; the remaining $1,000 was imposed as a penalty on plaintiff for failing to comply with her discovery obligations. Plaintiff contends both amounts are unreasonable and excessive and the $1,000 penalty is not authorized by the discovery statutes. We reject plaintiff's first argument but accept her second point. In support of the request for sanctions, defendants' counsel submitted a declaration stating his office had expended 11 hours of attorney time in research and preparation of the motion to compel, at a billing rate of $150 per hour, and would spend at least 3 additional hours in travel and court time in connection with the motion. This results in total attorney fees and costs of $2,100. Plaintiff argues 11 hours is an unreasonable amount of time to have spent on the research and preparation of the motion to compel. However, she produced no counterdeclaration supporting this argument. Therefore, the court's finding as to reasonable expenses is supported by the uncontradicted evidence.

In addition to the reasonable expenses incurred in moving to compel discovery, the trial court awarded defendants the sum of $1,000 for plaintiff's failure to cooperate with defendants' discovery. This was error.

Section 2023, subdivision (b)(1) authorizes the court to order one who has engaged in the misuse of the discovery process to "pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." In construing former section 2034, which had a similar provision,[4] our Supreme Court stated ". . . the provisions of the statute contemplate only that a defaulting party may be assessed the costs of bringing the motion, including attorneys' fees." (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 715 [39 Cal.Rptr. 891, 394 P.2d 707].) Thus, the court held the trial judge erred in imposing what was in effect a fine of $1,100 payable to a party to that action. "[T]he code does not authorize payment of that type of cost as a sanction for refusal to make discovery" and furthermore "$1,100 is an arbitrary figure . . . ." (*Ibid.*)

In the present case, the record shows the additional $1,000 the trial court awarded was unrelated to the expenses defendants incurred in compelling

---

plaintiff attempted to show how this order prejudiced her case. Therefore we will not address this issue further.

[4]Former section 2034, subdivision (b)(2)(D) authorized the court to award "the reasonable expenses incurred in obtaining the order, including reasonable attorney's fees."

plaintiff to submit to X-rays. It was simply an arbitrary amount defendants selected and the trial court awarded in order to punish plaintiff for her disobedience. As such, it cannot stand.[5]

## DISPOSITION

The order imposing monetary sanctions is reversed as to plaintiff's counsel. As to plaintiff, the order is modified by reducing the amount of sanctions to $2,100 and is affirmed as modified. In all other respects the order is affirmed. Appellants to recover costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

---

[5]At oral argument, counsel for defendant conceded there is no authority under the discovery statutes for the fine imposed by the trial court.