Filed 10/20/14  Thomas v. Pomona Valley Hospital Medical Center CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KEESHA THOMAS, | B239542 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC058209) |
| v. | |
| POMONA VALLEY HOSPITAL MEDICAL CENTER, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

Keesha Thomas, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Judith M. Tishkoff and L. Susan Snipes for Defendant and Respondent.

Plaintiff and appellant Keesha Thomas (Thomas), in propria persona, appeals an order dismissing her slip and fall action against defendant and respondent Pomona Valley Hospital Medical Center (Hospital) following the grant of the Hospital's motion for terminating sanctions for Thomas's noncompliance with discovery.

On the record presented, we perceive no abuse of discretion in the trial court's ruling and affirm the order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Events preceding the motion for terminating sanctions.*

On March 10, 2010, Thomas filed suit against the Hospital, alleging causes of action for premises liability and general negligence. Thomas pled that on March 30, 2008, she slipped and fell and was injured as a result of a dangerous condition on the Hospital's property. Jury trial was set to commence on May 2, 2011.

Thomas filed a motion to compel the depositions of nurses Hernandez and Engenna, as employees of the Hospital. Although the earlier deposition notice also requested the deposition of a third nurse, Ganding, the motion to compel did not seek to compel Ganding's deposition. The trial court granted the motion to compel the depositions of Hernandez and Engenna.

On March 3, 2011, the trial court granted the motion of Thomas's attorney to be relieved as counsel.

Shortly before Thomas's counsel filed the motion to be relieved, the Hospital propounded special interrogatories and requests for production, seeking facts and evidence with respect to liability and damages. Thomas failed to respond thereto, leading to the Hospital's filing motions to compel responses to the interrogatories and to the request for production of documents without objection, and for monetary sanctions.

On April 14, 2011, the matter came on for hearing. The trial court granted the motions to compel and ordered Thomas to respond to the discovery requests by April 22, without objection. The trial court did not impose sanctions but warned Thomas that if she failed to comply the court would issue an evidentiary sanction.

2

On April 29, 2011, three days before trial was to commence, the Hospital filed an ex parte application for terminating sanctions, based on Thomas's failure to comply with the earlier court order compelling her to respond to interrogatories and request for production of documents.  The basis of the motion was that Thomas had served unverified responses to the interrogatories, with objections, and had not responded to the production request.

The Hospital also moved in limine to preclude the introduction of evidence that was not disclosed during the course of discovery.

On April 29, 2011, the trial court denied the ex parte application for terminating sanctions but ruled that Thomas would be precluded from presenting any evidence at trial regarding her damages.

On May 2, 2011, the day of trial, the trial court granted Thomas's motion to dismiss her case with prejudice.

On August 30, 2011, Thomas filed a motion to vacate the dismissal on the grounds the discovery sanction was void because it was not made on proper notice, and the purportedly voluntary dismissal was coerced and was not truly voluntary.

On October 20, 2011, the trial court granted Thomas's motion.  It ruled the discovery sanctions which were imposed pursuant to the Hospital's ex parte application were improper, the dismissal likewise would be vacated, and the trial court would entertain a noticed motion by the Hospital for terminating sanctions.[1]

2. *The pertinent motion for terminating sanctions, which is the subject of this appeal*.

On October 26, 2011, the Hospital filed a motion for terminating sanctions for Thomas's having violated the April 14, 2011 discovery order, or in the alternative, for an evidentiary sanction precluding Thomas from offering evidence regarding her alleged damages.  The Hospital asserted that with Thomas's responses to its interrogatories and

---

[1]     The record reflects the trial court actually had *denied* the ex parte application for terminating sanctions, while ruling in limine to exclude evidence of damages.

3

demand for production now eight months overdue, and despite numerous warnings from the court, such sanctions were appropriate and warranted.

On November 7, 2011, in opposition to the motion for terminating sanctions, Thomas asserted she was not advised prior to the April 14, 2011 hearing that her discovery responses were noncompliant, and attributed the noncompliance to her former counsel, who had been relieved on March 3, 2011. However, Thomas did not address why she failed to comply with the April 14, 2011 order, or why her discovery responses still were not forthcoming.

On November 14, 2011, two days before the hearing, Thomas filed "amended responses" to the interrogatories and request for production of documents. The interrogatory responses contained objections, despite the fact that on April 14, 2011, the trial court had ordered Thomas to respond to the interrogatories without objection. Thomas also maintained there were further documents "which are not available at this moment," so that her discovery responses remained incomplete.

On November 16, 2011, the matter came on for hearing. The trial court granted the Hospital's motion for terminating sanctions, noting "this is an order that has been standing since April of 2011, I believe. I mean, we are six and a half months after the fact."

On December 5, 2011, the trial court entered an order dismissing the action with prejudice.

On January 9, 2012, the trial court denied Thomas's motion for reconsideration of the terminating sanctions, finding she had not shown new or different facts within the meaning of Code of Civil Procedure section 1008.

On March 27, 2012, Thomas filed notice of appeal from the December 5, 2011 order of dismissal.[2] [3]

## CONTENTIONS

Thomas contends: her prior counsel failed to comply with discovery before being relieved as counsel; she showed good cause for a continuance to prepare her case; the Hospital disobeyed a court order when it failed to have Ganding, an employee, deposed; the trial court granted terminating sanctions on a void motion; and the trial court prejudicially erred when it failed to rule over opposition and denied her motion for reconsideration.

## DISCUSSION

1. *Trial court acted within its discretion in imposing terminating sanctions*.

      a. *Propriety of a terminating sanction; standard of appellate review.*

" 'The trial court should consider both the conduct being sanctioned and its effect on the party seeking discovery and, in choosing a sanction, should " 'attempt[] to tailor the sanction to the harm caused by the withheld discovery.' " [Citation.] The trial court cannot impose sanctions for misuse of the discovery process as a punishment.' [Citation.] ' "Discovery sanctions 'should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' " [Citation.] If a lesser sanction fails to curb abuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher

---

[2]     Because it does not appear Thomas was served with notice of entry of the order of dismissal, the March 27, 2012 notice of appeal appears to be timely. (Cal. Rules of Court, rule 8.104(a).)

[3]     Thomas filed another notice of appeal on February 28, 2012, purporting to appeal from the January 9, 2012 order denying her motion for reconsideration. However, Code of Civil Procedure section 1008 provides in relevant part at subdivision (g): "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

sanctions until the sanction is reached that will cure the abuse. "A decision to order terminating sanctions should not be made lightly. But where a violation is willful,[4] preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." ' [Citation.]" (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1516 (*Van Sickle*).)

Imposition of discovery sanctions " 'lies within the trial court's discretion, and is reviewed only for abuse.' [Citation.] 'Sanction orders are "subject to reversal only for arbitrary, capricious or whimsical action." ' [Citation.]" (*Van Sickle, supra*, 196 Cal.App.4th at p. 1516.) The question before this court is not whether the trial court should have imposed a lesser sanction; rather, the question is whether the trial court abused its discretion by imposing the sanction it chose. (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 36-37.)

b. *No abuse of discretion in imposition of terminating sanctions.*

As discussed, " ' "where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." ' [Citation.]" (*Van Sickle, supra,* 196 Cal.App.4th at p. 1516.)

On this record, terminating sanctions were not excessive under the circumstances. On April 14, 2011, the trial court granted the Hospital's motions to compel responses to interrogatories and production request, and had ordered Thomas to respond to the discovery requests by April 22, *without objection*. Seven months later, on November 16, 2011, at the time of the final hearing on terminating sanctions, Thomas still had not

---

**4**     Compare *Reedy v. Bussell* (2007) 148 Cal.App.4th 1272 (*Reedy*), "not[ing] that willfulness is no longer a requirement for the imposition of discovery sanctions. (*Ghanooni v. Super Shuttle* (1993) 20 Cal.App.4th 256, 260.) That requirement was dropped from Code of Civil Procedure former section 2023, subdivision (b), as part of the former Civil Discovery Act of 1986. (*Kohan v. Cohan* (1991) 229 Cal.App.3d 967, 971.)" (*Reedy*, *supra*, 148 Cal.App.4th at p. 1291.)

complied with the April 14 discovery order. Her status as a litigant in propria persona did not entitle her to special consideration. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054.) On this record, we cannot say the trial court abused its discretion in selecting a terminating sanction.

2. *Thomas's remaining contentions are without merit.*

Thomas contends her prior counsel had failed to comply with a discovery demand before being relieved as counsel. Said argument has no bearing on Thomas's noncompliance with discovery during the subsequent eight months when she represented herself in this matter.

Thomas contends she showed good cause for a continuance in March 2011, after the trial court granted her attorney's motion to be relieved as counsel. Again, this has no bearing on whether the trial court abused its discretion in imposing terminating sanctions eight months later.

Thomas asserts the Hospital disobeyed a court order when it failed to have Ganding deposed. However, as the Hospital points out, Thomas did not move to compel Ganding's deposition. Therefore, Thomas has not shown the Hospital violated a discovery order with respect to Ganding's deposition.

Thomas contends the trial court granted terminating sanctions on a "void" motion. The record reflects after the trial court vacated the dismissal, it directed the Hospital to file and serve its motion for terminating sanctions on October 26, 2011; November 8, 2011, was the opposition date for Thomas; and November 14, 2011, was the date for any reply, with a hearing date of November 16, 2011. Thomas argues the trial court "made a prejudicial error when he counted the (9) nine [court] days for the opposition to be filed from the service date rather than from hearing date." However, under the Code, the trial court has the authority to prescribe a shorter time. (Code Civ. Proc., § 1005, subd. (b).) Moreover, on November 7, 2011, Thomas filed a plenary opposition to the motion for terminating sanctions and the motion was resolved on the merits. Therefore, Thomas's procedural argument with respect to the briefing schedule is meritless.

7

Finally, Thomas contends the trial court erred in denying her motion for reconsideration. As indicated, the trial court ruled Thomas had not shown any new or different facts within the meaning of Code of Civil Procedure section 1008. Although Thomas disagrees with the trial court's ruling, she has not shown the trial court erred in concluding her motion for reconsideration failed to satisfy the statutory criteria of new or different facts. (*Ibid.*; *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468 [motion for reconsideration must be based on new or different facts, of which movant was unaware at time of original ruling, with satisfactory explanation for failing to offer the evidence in the first instance].)

Moreover, after entry of judgment, a trial court has no further power to rule on a motion for reconsideration. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236.) Accordingly, following the December 5, 2011 order of dismissal, the trial court had no power to grant reconsideration.

## DISPOSITION

The order of dismissal is affirmed. The Hospital shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

8