Filed 10/1/15  Murie v. Egan Properties CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NATALIE MURIE et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>EGAN PROPERTIES, INC., et al.,<br><br>Defendants and Appellants. | A142278<br><br>(Marin County<br>Super. Ct. No. CIV1300245) |

Defendants Michael P. Egan (Egan) and Egan Properties, Inc., and their attorneys Kevin M. Smith and Bradley, Curley, Asiano, Barrabee, Abel & Kowalski, P.C., appeal an order awarding monetary discovery sanctions in favor of plaintiffs Natalie Murie, Edward Murie, and Jerry Murie.  We shall affirm the order.

## I. FACTUAL BACKGROUND

In their complaint, plaintiffs alleged that defendant Egan had an ownership interest in defendants Mini-Stor Ventures, LLC (Mini-Stor), Egan Properties, Inc., and Rafael Convalescent Hospital,[1] that plaintiffs worked at Mini-Stor, that Egan sexually harassed Natalie Murie, and that defendants inflicted emotional distress on Natalie Murie, retaliated against all plaintiffs, wrongfully terminated them, and committed other labor law violations.

---

[1] At the beginning of this case, the same attorneys represented Min-Stor as well as Egan and Egan Properties.  In August 2013, Mini-Stor engaged a different attorney.

Plaintiffs served Egan and Egan Properties, Inc. (collectively "defendants") with requests for production of documents on February 21, 2013. On March 27, 2013, one day after the responses were due, defendant's counsel contacted plaintiffs' counsel requesting an extension of time in which to respond.[2] Plaintiffs' counsel granted a 30-day extension, but later that day sent a letter taking the position that by failing to respond in a timely manner, defendants had forfeited all objections, including those related to the production of privileged documents. (§ 2031.300, subd. (a).)

Defendants served responses on April 26, 2013. They asserted objections to some of the document requests, including objections on the ground that plaintiffs sought documents protected by attorney-client privilege or the work product doctrine. In response to some of the requests, defendants stated, "Defendant has no such documents."

Plaintiffs' counsel sent a letter on May 28, 2013 setting forth multiple ways in which she contended the responses were inadequate. In particular, counsel explained that defendants had waived all objections by failing to respond within the statutory period and that even if the objections were preserved, defendants had not produced a privilege log. Plaintiffs' counsel asked defendants to respond by June 3, 2013 and to let her know whether they would agree to extend plaintiffs' deadline to file a motion to compel in order to allow the parties to continue to meet and confer.

Plaintiffs' counsel sent emails to defendants' counsel on June 3 and June 6, 2013, noting defendants had not responded to the May 28 letter. She stated again that plaintiffs were willing to make further efforts to meet and confer if defendants would agree to an extension of time to file a motion to compel. In a June 7, 2013 letter, defendants' counsel replied that defendants would need further time to respond to plaintiffs' letter and that

_____

[2] Although the record does not appear to contain the proofs of service, plaintiffs averred in their motion to compel that the requests were served by overnight delivery on February 21, 2013, and correspondence between the parties confirms this statement. Service by overnight delivery extends the normal 30-day period to respond to a document request by two court days. (Code Civ. Proc., §§ 1013, subd. (c), 2031.260.) Thus, document requests served by overnight delivery on February 21, 2013 were due on March 26, 2013. Neither party disputes this calculation on appeal. All statutory references are to the Code of Civil Procedure.

they would extend the deadline to file a motion to compel to July 1, 2013. Defendants took the position that they had not waived their objections.

On June 11, 2013, plaintiffs' counsel again wrote defendants requesting a privilege log and asking for responses to the other issues plaintiffs had raised. Defendants' counsel responded on June 24, stating that they were "sorting out" various issues and agreeing to extend the time for plaintiffs to file a motion to compel. Plaintiffs' counsel followed up by email on July 8, 2013 and August 7, 2013.

During an email exchange on August 14, 2013, plaintiffs' counsel again asked defendants' counsel when plaintiffs would receive a response to the issues raised in their correspondence. Defense counsel agreed to another extension of time to file a motion to compel but did not address the substantive questions plaintiffs had raised. Plaintiffs' counsel again emailed defendants' counsel on September 5, 2013, seeking a response to the earlier correspondence.

On September 10, 2013, plaintiffs' counsel wrote defendants' counsel a letter reiterating the outstanding discovery issues in detail, summarizing their previous attempts to resolve the issues, and requesting a response by September 16. She indicated she would prepare a motion to compel if plaintiffs did not respond by that time. It appears that by September 24, 2013, the parties had agreed to extend the date for defendants to serve amended responses and for plaintiffs to file a motion to compel.

Plaintiffs' counsel sent defendants' counsel an email on October 10, 2013, confirming an agreement that defendants would produce a privilege log, amended responses, and additional documents by October 26, 2013.

Plaintiffs' counsel made what she described as a "final attempt" to meet and confer on January 6, 2014. She proposed that (1) defendants produce all responsive documents that had not already been produced by Mini-Stor, a co-defendant; (2) defendants confirm that they did not dispute the authenticity of the documents produced by Mini-Stor; and (3) defendants provide a privilege log. Plaintiffs' counsel asked defendants to respond by January 10, 2014 and produce the requested materials by January 14, 2014. There is no indication that defendants responded to this message.

3

Plaintiffs filed their motion to compel on February 5, 2014, and requested $15,000.00 in sanctions. In opposition to the motion, defendants asserted that they requested the original extension of time to respond within the statutory time period, that plaintiffs had been fully informed that no further responsive documents existed, and that plaintiffs had been provided with a privilege log by Mini-Stor.

A discovery facilitator, to whom the court referred the matter, recommended that defendants provide amended responses. Defendants submitted the amended responses on April 15, 2014. To a number of the document requests, they responded, "Defendant has no such documents." They objected to others on the grounds of attorney-client privilege or the work product doctrine. In many of the responses asserting these objections, defendants also stated they had no such documents.

The trial court granted plaintiffs' motion to compel. In doing so, the court reasoned that defendants had failed to provide their initial responses or obtain an extension in a timely manner, thus waiving all objections. The court found that the amended responses contained objections and also did not comply with Code of Civil Procedure sections 2031.220 and 2031.230.[3] The court therefore ordered defendants to provide amended responses and responsive documents without objections. The trial court went on: "The court appreciates Defendants' assertion that where no documents exist,

_____

[3] Section 2031.220 provides: "A statement that the party to whom a demand for inspection . . . has been directed will comply with the particular demand shall state that the production . . . demanded, will be allowed either in whole or in part, and that all documents or things in the demanded category that are in the possession, custody, or control of that party and to which no objection is being made will be included in the production." Section 2031.230 provides: "A representation of inability to comply with the particular demand for inspection . . . shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with that demand. This statement shall also specify whether the inability to comply is because the particular item or category has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in the possession, custody, or control of the responding party. The statement shall set forth the name and address of any natural person or organization known or believed by that party to have possession, custody, or control of that item or category of item."

4

none can be produced, and that Plaintiffs have everything that exists here. The court does not wish to put form over substance in this regard. However, the Code of Civil Procedure very clearly requires certain information along with a statement that no responsive documents exist. See CCP § 2031.230. Thus, to the extent Defendants are unable to comply with any of the requests, an amended response in compliance with [section] 2031.230 is mandated. Such requirement is more than a mere technicality, and Plaintiffs cannot be faulted for those demands."

The trial court also imposed monetary sanctions of $9,375 on defendants and their counsel to compensate plaintiffs for the cost of bringing the motion to compel. The court noted: "Defendants have not complied, even to date, with the requirements of the Code of Civil Procedure regarding Plaintiffs' requests. Plaintiffs' counsel repeatedly sought to meet and confer in order to obtain complete responses. Defendants either promised to supplement the responses (which they never did), or simply ignored Plaintiffs' requests. Plaintiffs were left with no alternative but to file the instant motion."

Defendants and their attorneys filed this appeal.[4]

## II. DISCUSSION

### A. *Abuse of Discretion*

Defendants argue that the trial court abused its discretion in ordering sanctions. We review the trial court's order under the abuse of discretion standard and resolve all evidentiary conflicts most favorably to the trial court's ruling. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 (*Sinaiko*); *Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 430.) The abuse of discretion standard measures whether the lower court's action " 'falls within the permissible range of options set by the legal criteria.' " (*Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 624; see *Kuhns v. State of California* (1992)

---

[4] An appeal may be taken "[f]rom an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (§ 904.1, subd. (a)(12); see *Rail-Transport Employees Assn. v. Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469, 475.)

5

8 Cal.App.4th 982, 988 ["[A] trial court exercises discretion, subject to reversal only for manifest abuse exceeding the bounds of reason"].) "It is [the challenging party's] burden to affirmatively demonstrate error and, where the evidence is in conflict, this court will not disturb the trial court's findings." (*Laguna Auto Body v. Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481, 487, disapproved on other grounds in *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478, fn. 4.)

The trial court's order granting the motion to compel had two bases: First, the court concluded that defendants had waived all objections by failing to respond to the discovery request or obtain an extension in a timely manner. (§ 2031.300.) A party who fails to serve a timely response to a discovery request "waives any objection to the demand, including one based on privilege or on the protection for work product." (§ 2031.300, subd. (a); *Sinaiko*, *supra*, 148 Cal.App.4th at pp. 403–404.) Second, the court noted that defendants had not complied either with section 2031.220, which requires a party to provide a statement that "all documents" in the party's possession or control to which objection was not made were provided, or with section 2031.230, which requires that a representation of inability to comply include an affirmation that "a diligent search and a reasonable inquiry has been made in an effort to comply with that demand." The evidence supports the trial court's conclusion both that defendants did not respond to the discovery requests in a timely manner and that their responses did not include the required statements. Accordingly, it was within the trial court's discretion to grant the motion to compel.

Sanctions are normally mandatory when a court grants a motion to compel further responses to a request for production of documents. Section 2031.310, subdivision (h), provides that, except in circumstances not present here, "the court *shall impose a monetary sanction* . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to a demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.) The statute thus requires the imposition of a sanction where a party unsuccessfully opposes a motion to compel

discovery responses in the absence of a finding that the party acted with "substantial justification" or that the sanction would be unjust. (*Ghanooni v. Super Shuttle* (1993) 20 Cal.App.4th 256, 260 [sanction imposed for party's unsuccessful opposition to motion to compel compliance with demand for a physical examination].)

Here, although the trial court expressed regret in awarding such significant sanctions, it did not find that defendants and their counsel acted with substantial justification or that sanctions would be unjust for any other reason. In essence, the trial court rejected defendants' contentions that plaintiffs had attempted to "manufacture a discovery dispute to gain attorney's fees" and that "plaintiffs have everything they have requested." The record we have recited—replete with evidence of plaintiffs' lengthy efforts to obtain compliant responses and defendants' failure to provide them—fully supports the trial court's failure to make such a finding. The trial court did not abuse its discretion in ordering sanctions.

## B.    *Failure to Specify Basis for Sanctions*

Defendants contend the court violated their due process rights by failing to specify the acts for which they were sanctioned. They rely on *First City Properties, Inc. v. MacAdam* (1996) 49 Cal.App.4th 507, 515 (*First City*), *Lavine v. Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019, 1029, and *Caldwell v. Samuels Jewelers* (1990) 222 Cal.App.3d 970, 978, for their contention that due process requires a court imposing sanctions to state with particularity the basis for the finding. But none of these cases consider sanctions imposed under the discovery statutes. It is well-settled that in cases involving discovery sanctions, "the court [is] only required to make an express finding if it *did not* impose monetary sanctions because it found appellant acted with 'substantial justification.' [Citations.] Nor [is a] 'court's order imposing sanctions . . . defective for failing to specify with particularity the basis for awarding sanctions . . . . [Citations.] [T]he discovery statutes do not require the court's order to "recite in detail" the circumstances justifying the award. . . Indeed, the trial court is not required to make any findings at all.' [Citations.]" (*California Shellfish Inc. v. United Shellfish Co.* (1997)

7

56 Cal.App.4th 16, 26; and see *Ghanooni v. Super Shuttle*, *supra*, 20 Cal.App.4th at p. 261; *Estate of Ruchti* (1993) 12 Cal.App.4th 1593, 1603.)[5]

In any event, the record disproves defendants' claim that the court's order failed to specify the acts being sanctioned. To the contrary, the court made clear that defendants improperly continued to assert objections in their responses after they had waived their right to object by failing timely to respond or request an extension. The court further found that defendants, in providing responses indicating that they had "no such documents," failed to provide the statements required by sections 2031.220 and 2031.230—which requirements were "more than a mere technicality." The court therefore ordered that defendants provide further responses and awarded sanctions for forcing plaintiffs to file the motion to compel in order to receive compliant responses.

Defendants also assert that "the trial court never explained how these production responses did not satisfy [section] 2031.230," and did not identify "specific deficiencies in any . . . responses" as grounds for the sanctions. The record belies that assertion. The trial court's order stated that "the Code of Civil Procedure very clearly requires certain information along with a statement that no responsive documents exist. See CCP § 2031.230." The court ordered that defendants provide amended responses that "comply with CCP §2031.230." The ineluctable implication is that the "information" required by section 2031.230 was not contained in defendants' responses, and this was precisely how the "responses did not satisfy [section] 2031.230."

---

[5] *First City*, upon which defendants rely, recognized the distinction between discovery sanctions and other sanctions, stating: "While we recognize that specific written findings are not required for issuance of sanctions in routine discovery disputes [citation], we cannot agree that treatment of sanctions pursuant to section 1987.2 falls within the same purview as issuance of discovery sanctions." (*First City*, *supra*, 49 Cal.App.4th at p. 515.) The court pointed out that the discovery statutes *require* the trial court to impose sanctions in the absence of certain findings, while the statute in question in *First City* granted the court *discretion* to award sanctions. (*Ibid*.) When issuing sanctions under the latter statute, the "[f]ailure to delineate the grounds for exercise of discretion precludes meaningful review," which is a denial of due process. (*First City*, *supra*, 49 Cal.App.4th at p. 516.)

**C.** *Sanctions for Asserting There Was No Waiver*

Defendants also object to being sanctioned for failure to resolve the discovery dispute either by a meet and confer session or with the discovery facilitator. The thrust of defendants' argument is that defendants from the outset disputed plaintiffs' claim that defendants had waived all objections by failing to respond or seek an extension to the discovery requests until the day after they were due; that this dispute was at the center of all the communications relating to the discovery responses; that this dispute was not resolved until the court ruled on the motion to compel; and that defendants should not be sanctioned for taking the good faith position that there was no waiver and for not producing privileged documents until the issue was resolved.

We do not disagree with the general proposition that a responding party should not be sanctioned merely for disputing the propounding party's claim that all objections and privileges have been waived, given the seriousness of the consequences of such a waiver. But that was not the basis for the sanctions. Here, defendants repeatedly and protractedly asserted their position rather than seeking a resolution of the issue. If, as defendants represent, the dispute was intractable from the outset, it could have been resolved quickly and efficiently by providing otherwise complete and statutorily compliant responses and simultaneously proposing to opposing counsel—or filing with the court an appropriate motion—to seek adjudication of this question. Additionally, defendants had the option of providing responses and seeking relief from the waiver. (§ 2031.300, subd. (a); *Sinaiko, supra,* 148 Cal.App.4th at pp. 403–404 [court may relieve party of waiver if the party brings a motion and demonstrates that the party has subsequently served a response that substantially complies with the statutory requirements and that the party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.] Instead, defendants chose to run up everyone's costs by continuing to dispute the waiver multiple times and eventually forcing plaintiffs to file the motion to compel to resolve the issue. Under the circumstances, sanctions were justified.

### III. DISPOSITION

The order is affirmed.

9

 

 

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Streeter, J.