Filed 10/8/25  Zheng v. Cisternino CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| XIAO YI ZHENG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MICHAEL CISTERNINO,<br><br>    Defendant and Respondent. | A169850<br><br>(Contra Costa County Sup. Court No. C2202021) |

Plaintiff Xiao Yi Zheng and his counsel, David Sturgeon-Garcia,[1] appeal from the trial court's order imposing monetary sanctions against them for misusing the discovery process.  We affirm.

## I.
### BACKGROUND

Defendant Michael Cisternino is a real estate broker who acted as a dual agent representing Zheng, the owner of commercial real estate, and an entity that agreed to lease the property.  Zheng filed this action against Cisternino, alleging he breached his fiduciary duty in brokering a deal that

---

[1] Although Sturgeon-Garcia was not listed as a party on the notice of appeal, we construe the notice to have included him because it appears reasonably clear that he intended to join in the appeal.  (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 878.)

1

was favorable to the tenant with whom he was having a personal relationship. Cisternino cross-complained, alleging that Zheng failed to pay his commission and misrepresented the condition of the property.

Discovery was initiated, and the sanctions order at issue in this appeal arose out of a dispute about Cisternino's second set of requests for production of documents. In his responses to the requests, Zheng asserted numerous and lengthy objections. Cisternino's attorney, Daniel King, sent a detailed, nine-page letter setting forth his client's position on the requests and asking Sturgeon-Garcia to meet and confer about the dispute. King expressed the "hope that by raising these issues now, we may avoid unnecessary motion practice." Nothing in our record indicates that Sturgeon-Garcia responded to the letter. King also twice asked Sturgeon-Garcia for an extension of time for him to file a motion to compel to allow the parties time to meet and confer, but again nothing in our record indicates that Sturgeon-Garcia responded.

Cisternino proceeded by filing a motion to compel further responses to the requests and seeking sanctions in the amount of $14,380.50 The motion was supported by a declaration from an attorney associated with King's law firm and a separate statement filed under California Rules of Court, Rule 3.1345.

Zheng, acting through Sturgeon-Garcia, opposed the motion to compel and the request for sanctions by defending some, but not all, of the objections that he had asserted. He also sought cross-sanctions against Cisternino.

A hearing was held, and although a tentative ruling was apparently issued, it is not contained in our record. At the conclusion of the hearing, the court adopted its tentative ruling, granting Cisternino's motion to compel and sanctioning Zheng and Sturgeon-Garcia in the amount of $9,082.50.

2

## II.
## DISCUSSION

1. The Trial Court Did Not Abuse Its Discretion in Imposing Sanctions Against Zheng and Sturgeon-Garcia.

"We review the trial court's order [imposing discovery sanctions] under the abuse of discretion standard and resolve all evidentiary conflicts most favorably to the trial court's ruling. We will reverse only if the . . . order was arbitrary, capricious, or whimsical. It is appellant's burden to affirmatively demonstrate error and where the evidence is in conflict, we will affirm the trial court's findings." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224.) The trial court's reasons for its ruling "are not binding on us because we review its ruling, not its rationale." (*Ram's Gate Winery, LLC v. Roche* (2015) 235 Cal.App.4th 1071, 1079.) We "must affirm on any ground supported by the record." (*Jiminez v. County of Los Angeles* (2005) 130 Cal.App.4th 133, 140.)

Misusing the discovery process includes failing to respond or submit to discovery, asserting unmeritorious objections, and responding evasively to discovery requests. (See Code Civ. Proc., § 2023.010, subds. (d)-(g);[2] *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.) It also includes failing to confer with the opposing party "in a reasonable and good faith attempt to resolve informally any dispute concerning discovery" before filing a discovery motion. (§ 2023.010, subd. (i).) Such a reasonable and good faith attempt " ' "entails something more than bickering with [opposing] counsel. . . . Rather, the law requires that counsel attempt to talk the matter over, compare their views, consult, and deliberate." ' " (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 880.) One

---

[2] All further statutory citations are to the Code of Civil Procedure.

3

who fails to confer with their opponent is subject to mandatory sanctions regardless of the merits of their position on the discovery dispute. Section 2023.020 plainly states, "Notwithstanding the outcome of the particular discovery motion, the [trial] court *shall* impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (Italics added.)

Ample evidence supports the conclusion here that Zheng and Sturgeon-Garcia did not participate in a meet-and-confer process regarding the discovery dispute involving Cisternino's second request for the production of documents. At the hearing, the trial court expressed frustration that "all of this could have been avoided by [a] meet-and-confer, which appears to never have happened, which leaves the Court questioning what it was that was done in response to these discovery requests. And that then makes it very difficult for the Court because you [referring to Sturgeon-Garcia] want the Court to tell you where you've gone wrong. I'm not really sure what it is that you did based upon what your responses are and all of the objections that you've stated." The court elaborated that counsel were "unable to meet and confer in a productive way, as required by the code, in order to ascertain what discovery [was] being requested and how to resolve that issue. · That is a requirement under the code. [¶] And in bickering and arguing, there's no way that you could have a fruitful meet-and-confer and determine what is being requested if . . . counsel is only going to argue as to what the meaning of the words are rather than try to resolve the issue, which I believe is a requirement under the statute and a requirement as officers of the court."

Sturgeon-Garcia took the position at the hearing, as he does in his appellate briefing, that he *did* participate in a meet-and-confer process. But

the record shows that while he may have participated in such a process, he did so in connection with an *earlier* discovery dispute involving another defendant, but not one in connection with Casternino's second request for the production of documents.  Sturgeon-Garcia claims his participation in the earlier meet-and-confer process satisfied his meet-and-confer obligations in connection with Cisternino's request because the two discovery requests were "largely duplicative" and the other defendant and Cisternino were represented by the same law firm.  But he cites no authority to support the notion that participating in a meet-and-confer process about an earlier discovery dispute satisfies the obligation to meet and confer about later disputes, and we reject it.  In short, Sturgeon-Garcia did not satisfy his obligation to meet and confer about the dispute over the second request for the production of documents, and sanctions were therefore mandatory under section 2023.020.

Even if we could excuse Sturgeon-Garcia's failure to participate in the meet-and-confer process, we would still conclude that the trial court did not abuse its discretion in entering the sanctions order.  Substantial evidence shows that many of the objections Zheng and Sturgeon-Garcia asserted were baseless.  Many of them, for example, asserted that the requests were vague and ambiguous.  But Zheng and Sturgeon-Garcia advanced no arguments in the trial court, and they advance none in their appellate briefing, to support these assertions.  Therefore, any such arguments have been forfeited.  And in any event, as suggested by the trial court, it would be disingenuous for them to contend that the requests were vague and ambiguous while at the same time insisting that the requests plainly sought the same documents that had already been produced.  The sanctions order was well within the trial court's

5

discretion and Zheng and Sturgeon-Garcia have failed to sustain their appellate burden to show otherwise.

    2.  The Trial Court Did Not Abuse Its Discretion in Determining the Amount of the Sanctions or Imposing Them on Sturgeon-Garcia.

Zheng and Sturgeon-Garcia also argue that the $9,082.50 sanctions award was "an unreasonable sum" under the circumstances. Sturgeon-Garcia separately argues that sanctions should not have been imposed against him, as he was simply acting as Zheng's counsel. The arguments are meritless.

To begin with, the arguments were forfeited because Zheng and Sturgeon-Garcia have not shown that they raised them in the trial court. "It is axiomatic that arguments not raised in the trial court are forfeited on appeal." (*Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038.) " '[T]heories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried. This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal.' " (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

Zheng and Sturgeon-Garcia also presented no counter evidence in the trial court that the number of attorney hours, or the amount of the hourly rate, used to calculate the "reasonable expenses, including attorney's fees" under section 2023.020 was improper. Once a documented fee claim is presented, the burden shifts to the opposing party to present specific objections to either the hours claimed or the rates charged by counsel. (2 Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar 3d ed. 2025) §§ 11.58–11.60, pp. 11–77 to 11–81.) Mere assertions that the claimed fees are unreasonable

or excessive are not sufficient; the objections must be supported by evidence. (See *Avikian v. WTC Financial Corp.* (2002) 98 Cal.App.4th 1108, 1119.)

Sturgeon-Garcia similarly forfeited his argument that no sanctions should have been imposed against him by not raising it in the trial court, and we reject the argument on its merits in any event. Section 2023.030 specifically allows sanctions to be imposed against "anyone"—a party, an attorney, or both—who misuses the discovery process. There is no merit to Sturgeon-Garcia's contention that sanctions cannot be imposed against an attorney without a finding that the attorney was "advising" (§ 2023.030, subd. (a)) the client to engage in conduct amounting to abusive discovery. (See *Ghanooni v. Super Shuttle* (1993) 20 Cal.App.4th 256, 261 [sanction on attorney reversed when there was no evidentiary basis that counsel participated in any discovery wrongdoing].) Advising misconduct is only one of several independent grounds that can support imposition of sanctions on counsel. "[O]ne engaging in misuse of the discovery process" (§ 2023.030, subd. (a)), including counsel directly participating in such misuse, as occurred here, can also warrant imposition of sanctions. Such misuse includes failing to confer with opposing counsel reasonably and in good faith, and asserting unmeritorious discovery objections. (§§ 2023.010, 2023.020.) No trial court finding was required that Sturgeon-Garcia advised Zheng to misuse the discovery process, because that was not the basis for the imposition of the sanction against Sturgeon-Garcia.

Zheng and Sturgeon-Garcia have failed to sustain their appellate burden of showing that the trial court abused its discretion in entering the sanctions order against them.

7

### III.
#### DISPOSITION

The order awarding sanctions against Zheng and Sturgeon-Garcia is affirmed.  Cisternino is awarded appellate costs.

_____

Humes, P. J.


WE CONCUR:


_____

Langhorne Wilson, J.


_____

Smiley, J.


_Zheng v. Cisternjno_  A169850

9